THE STATE, EX REL. CLARK, APPELLANT, *v.*
CITY OF TOLEDO ET AL., APPELLEES.

[Cite as State, ex rel. Clark, *v.* Toledo (1990), 54 Ohio St. 3d 55.]

(No. 89-1924—Submitted June 5, 1990—Decided October 10, 1990.)

Randall M. Dana, Ohio public defender, David C. Stebbins, Stephen P. Deffet and Dale A. Baich, for appellant.

Sheldon M. Rosen, director of law, Samuel J. Nugent and Patricia A. Delaney, for appellees.

J. Dean Carro and Janice Toran, urging reversal for amicus curiae, American Civil Liberties Union of Ohio Foundation, Inc.

Anthony G. Pizza, prosecuting attorney, and James D. Bates, urging affirmance for amicus curiae, Lucas County Prosecutor.

WOLFF, J. The narrow question presented by this appeal is whether a criminal defendant who has exhausted the direct appeals of his conviction may avail himself of R.C. 149.43 to support his petition for post-conviction relief. We answer this question in the affirmative, and accordingly we reverse the judgment of the court of appeals and remand this case to that court for an individualized scrutiny of those records which respondents contend that Clark, pursuant to R.C. 149.43(A)(2)(C) and (A)(4), is not entitled to inspect and copy.

In support of the judgment of the court of appeals, respondents contend that R.C. 149.43 does not bestow upon Clark the right to examine "police investigatory records" related to the criminal act of which he was convicted.

Respondents' first argument is that "Crim. R. 16 implicitly creates an exception to R.C. 149.43 where the possibility of reprosecution of a criminal defendant remains." Because retrial is a possible outcome of Clark's petition for post-conviction relief, respondents point out, and correctly so, that upon retrial Clark might possess more information, as a result of disclosure pursuant to R.C. 149.43, than he would possess if confined to discovery under Crim. R. 16. Respondents conclude, as did the court of appeals, that this would circumvent Crim. R. 16.

Respondents appear to concede that this argument is dependent upon a determination that R.C. 149.43 is procedural in nature, and thus subordinate to Crim. R. 16 by operation of Section 5(B), Article IV of the Ohio Constitution. Even assuming arguendo the applicability of the Rules of Criminal Procedure, this argument must fail. R.C. 149.43(B) states that "[a]ll public records shall be * * * made available for inspection to any person * * *." As recognized in State, ex rel. Natl. Broadcasting Co., v. Cleveland, supra, R.C. 149.43 "substantially broadened the common-law approach" to "citizen access to governmental information." Id. at 81, 526 N.E. 2d at 788. As such, the right to access conferred by R.C. 149.43(B) is a substantive right. See Krause v. State (1972), 31 Ohio St. 2d 132, 144-145, 60 O.O. 2d 100, 106-107, 285 N.E. 2d 736, 744. Because the right to access is substantive, it cannot be abridged by Crim. R.

16. Section 5(B), Article IV of the Ohio Constitution; *Krause* v. *State, supra,* at paragraph five of the syllabus.

Respondents next argue that "giving criminal defendants access to police investigatory records would undermine the apparent purpose of R.C. 149.43." According to the respondents, the single purpose of the General Assembly in enacting R.C. 149.43 was to ensure the accountability of public officials, and not to afford criminal defendants an alternative means of discovery to thereby frustrate justice. The respondents point to the exceptions to disclosure which appear in R.C. 149.43(A) as evidence of the legislative intent that R.C. 149.43 not be utilized to frustrate the proper administration of criminal justice.

The flaw in this argument is that it cannot be squared with the clear mandate of R.C. 149.43(B), *supra,* unless Clark is relegated to "non-person" status. It is clear that *any person* may obtain public records pursuant to R.C. 149.43 without the necessity of stating a reason for obtaining those records. Despite his present station in life, Clark remains a "person" within the contemplation of R.C. 149.43(B).

It may well be that the exceptions to disclosure found at R.C. 149.43(A)(2) and (4) evince a legislative intent that R.C. 149.43 not be utilized to frustrate the proper administration of criminal justice, but this cannot alter Clark's status as a person. If, indeed, the General Assembly intends to restrict those in Clark's situation to such information as is discoverable under Crim. R. 16, it need only amend the exceptions to disclosure presently found at R.C. 149.43 to make them coextensive with the limitations on discovery found in Crim. R. 16.

Accordingly, we hold that a criminal defendant who has exhausted the direct appeals of his conviction may avail himself of R.C. 149.43 to support his petition for post-conviction relief. But, see, *State, ex rel. Scanlon,* v. *Deters* (1989), 45 Ohio St. 3d 376, 544 N.E. 2d 680.

The dissent contends that it is illogical to construe Crim. R. 16 and R.C. 149.43 as prohibiting disclosure of certain records in connection with a defendant's original trial, but as allowing disclosure of those same records in connection with a post-conviction proceeding.

The narrow issue in this case is whether R.C. 149.43 is available to a criminal defendant in a post-conviction proceeding, and it has not been necessary to address the possible application of R.C. 149.43 to original trial proceedings.

We share the concern that widespread use of R.C. 149.43 by criminal defendants might place an intolerable burden on the administration of criminal justice. This court cannot, however, eliminate this eventuality by ignoring the substantive right conferred upon all persons, including Clark, by R.C. 149.43(B). Only the legislature can do so, as hereinabove indicated.

In view of our determination that Clark may avail himself of R.C. 149.43, it is unnecessary to consider the equal protection ramifications of the court of appeals' holding to the contrary.

*Judgment reversed*
*and cause remanded.*

SWEENEY, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., and HOLMES, J., dissent.

WILLIAM H. WOLFF, JR., J., of the Second Appellate District, sitting for RESNICK, J.

HOLMES, J., dissenting. Relator-appellant, Joseph L. Clark, is currently on death row in Lucasville for the 1984 murder of David A. Manning, a gas station attendant. Clark exhausted all the appeals available to him, and thereafter filed his petition for post-conviction relief pursuant to R.C. 2953.21 in the Court of Common Pleas of Lucas County. Allegedly to support his post-conviction claims, Clark sought but was denied access to investigatory files that were maintained by the city of Toledo Police Division. Clark then filed this mandamus action against the city of Toledo in the Sixth District Court of Appeals. The court of appeals denied the writ on the ground that R.C. 149.43 does not create in a criminal defendant a clear legal right to criminal investigation records, and that to establish such a right "would abrogate the meaning and purpose of Crim. R. 16 and constitute judicial legislation." I agree with the court of appeals.

In arriving at its determination, the court of appeals correctly accepted, and applied, the arguments of the city that these investigatory records were not subject to disclosure because (1) Crim. R. 16 governs the release of criminal investigation records in a criminal proceeding, and (2) the records sought by Clark do not constitute "public records" as defined in R.C. 143.43.

Crim. R. 16(B) provides, in pertinent part:

"(2) Information not subject to disclosure. Except as provided in subsections (B)(1)(a), (b), (d), and (g), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal documents made by the prosecuting attorney or his agents in connection with the investigation or prosecution of the case, or of statements made by witnesses or prospective witnesses to state agents."

The court of appeals correctly concluded that R.C. 149.43, the "public records" law, should reasonably be read with the applicable limitations provided by Crim. R. 16(B). This criminal rule should take precedence here by force of Section 5(B), Article IV of the Ohio Constitution, which states: "The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right * * *. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

It may be stated that R.C. 149.43 does establish both the substantive right to acquire "public records," as well as the procedures for obtaining them. However, such substantive right is limited by the statute itself, as set forth hereinafter. These limitations apply to this, and other, criminal defendants. Therefore, Crim. R. 16 does not abridge any substantive rights provided by R.C. 149.43. And, to the extent any conflict might exist between the rule and the statute, the latter must defer to the former pursuant to Section 5(B), Article IV of the Ohio Constitution.

Crim. R. 16, as well as the other Criminal Rules, applies only to criminal proceedings, but certainly it may not be argued that all criminal proceedings concerning the crime for which Clark has been tried and convicted are concluded. His post-conviction proceeding, however construed, is an adjunct to the criminal process. The criminal defendant has no clear right to the disclosure of the police investigatory records at the time of trial under Crim. R. 16 and, in like manner, should have no such clear legal right after conviction to obtain the same information. The city argues,

and the court of appeals again appropriately adopted, the premise that to allow disclosure would thwart the intent of Crim. R. 16, in that if Clark were successful in his post-conviction relief action, the trial court could allow the state to again prosecute Clark for the murder of David Manning. If Clark is now given access to the police criminal investigatory files, he would then on retrial have possession of records which Crim. R. 16 would have originally shielded from disclosure. It is extremely illogical to construe this criminal rule and public record statute to prohibit disclosure of records at a criminal defendant's original trial, but grant him access to such records during a post-conviction proceeding to be utilized in preparation for a retrial of the same offense. This not only conflicts with the meaning and purpose of Crim. R. 16, it also opens the jailhouse doors wide for criminals to inundate the courts with mandamus actions seeking disclosure of such records. This will have significant adverse effects upon police investigations, and the retrial of criminal defendants.

To allow this criminal defendant access to these police investigatory records not only thwarts the criminal investigatory process and the criminal judicial process, it also runs counter to the legislative intent of the public records laws. It is universally agreed that public records are generally to be considered the "people's records," but the public records laws must be reasonably interpreted to make government officials accountable as the trustees of the records for the people. I submit that such laws have not been enacted for the purpose sought here, to permit a criminal defendant to circumvent the appropriate rules of discovery in criminal proceedings, and thus frustrate justice.

The legislative intent found within the "public records" definitional exceptions of R.C. 149.43(A)(1) is quite clear. This section specifically exempts from disclosure "confidential law enforcement investigatory records" and "trial preparation records." Both exceptions clearly illustrate the intent of the legislature to deny disclosure under circumstances which might adversely affect the proper administration of criminal justice. In that no general public interest could be served by the release of these records, the statute should not be compromised.

As to the claim of Clark that to deny him access to these criminal investigatory records infringes upon his constitutional right to equal protection of the laws, I retort that a focus upon the legislative purpose in enacting R.C. 149.43, in light of Crim. R. 16, and the most reasonable interpretation of both rule and statute by this court should lead us to but one conclusion, *i.e.*, that the denial of disclosure of such records to Clark, or any other criminal defendant, under such circumstances would not be a denial of equal protection of the laws. The cases that this court has previously addressed interpreting the right of disclosure of what was claimed to be "public records" were actions brought by the media on behalf of the public and not cases construing the Criminal Rules as they might relate to the public records laws. Inherent in the court of appeals' opinion is the acknowledgment that the Criminal Rules may properly deny criminal defendants access to records which may under appropriate circumstances be released to third parties, *i.e.*, the media, pursuant to R.C. 149.43. It stretches the imagination to agree with Clark's argument that he, a convicted murderer, must be considered as being "similarly situated" with other "persons" such as the media in acquiring this investigatory material. There are other laws which treat convicted criminals differently from other

citizens, such as R.C. 2961.01, which denies a felon the right to be an "elector or juror, or to hold an office of honor, trust or profit * * *."

In any event, in my view Clark has not established a clear legal right to the relief prayed for under R.C. 149.43, and the court of appeals was clearly correct in denying this writ of mandamus.

MOYER, C.J., concurs in the foregoing dissenting opinion.