THE STATE, EX REL. ZUERN, APPELLEE, *v.* LEIS, SHERIFF, ET AL., APPELLANTS.

[Cite as State, ex rel. Zuern, *v.* Leis (1990), 56 Ohio St. 3d 20.]

(No. 90-645—Submitted August 29, 1990—Decided December 5, 1990.)

*Randall M. Dana,* Ohio public defender, *Jane P. Perry* and *Randall L. Porter,* for appellee.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *William E. Breyer,* for appellants.

*Per Curiam.* We find that the court of appeals did not abuse its discretion in finding that the sheriff's department's homicide investigative file did not qualify as an exempt "trial preparation record" under R.C. 149.43(A)(4). Further, we find that respondents waived any possible exemption to public release of the records by voluntarily disclosing them in the *Pence* case. Hence, we affirm the judgment of the court of appeals.

In their two propositions of law, respondents argue for a broad interpretation of the "trial preparation

record" exemption to R.C. 149.43, which mandates release of public records. R.C. 149.43(A)(4) provides: " 'Trial preparation record' means any record that contains information that is *specifically* compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney." (Emphasis added.)

Respondents contend that all investigative records including the witness statements, photographs, cell diagram, as well as the detectives' reports, were specifically compiled for Zuern's criminal trial, thus qualifying as exempt "trial preparation records." Respondents do not argue that the documents come under the specific investigatory work product exemption, R.C. 149.43(A)(2)(c). Nor are we confronted with an argument concerning the relationship between Crim. R. 16 and R.C. 149.43. See *State, ex rel. Clark,* v. *Toledo* (1990), 54 Ohio St. 3d 55, 560 N.E. 2d 1313.

Zuern, relying upon a stricter interpretation of the trial preparation exemption, argues that respondents failed to prove these documents fit within that exemption. Zuern further contends that a court of appeals' decision releasing public records should not be reversed absent an abuse of discretion. Lastly, Zuern argues that the sheriff's department's prior disclosure of the records in the *Pence* case precludes an exemption claim under R.C. 149.43(A)(4).

We find that respondents' expansive interpretation of the trial preparation exemption conflicts with our prior holdings. First, we note that "[l]aw enforcement investigatory records must be disclosed unless they are excepted from disclosure by R.C. 149.43. (*State, ex rel. Beacon Journal,* v. *Univ. of Akron* [1980], 64 Ohio St. 2d 392, 18 O.O. 3d 534, 415 N.E. 2d 310, approved and followed.)" *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786, paragraph one of the syllabus. "Ohio law favors disclosure of public records. * * *" *Barton* v. *Shupe* (1988), 37 Ohio St. 3d 308, 525 N.E. 2d 812. Second, "[a] governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43." *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland, supra,* at paragraph two of the syllabus.

For the trial preparation exemption to apply, R.C. 149.43(A)(4) requires records to be "specifically compiled in reasonable anticipation" of litigation. Investigations conducted for multiple purposes do not qualify. *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland, supra,* at 84-85, 526 N.E. 2d at 790-792. In *Barton* v. *Shupe, supra,* at 309, 525 N.E. 2d at 813, we emphasized the strictly limited nature of the trial preparation exemption. In *State, ex rel. Beacon Journal,* v. *Univ. of Akron* (1980), 64 Ohio St. 2d 392, 398, 18 O.O. 3d 534, 538, 415 N.E. 2d 310, 314, we noted: "* * * Clearly, the wording of the statute indicates that the General Assembly sought to guard against these exceptions swallowing up the rule which makes public records available. * * *"

The detectives did not investigate Pence's death just to prosecute Zuern. The sheriff's detectives investigated a homicide within a correctional facility operated by the sheriff's department and staffed with sheriff's deputies and personnel. The security and safety of the facility and existing procedures must necessarily have been involved. Yet, no other internal investigation was conducted, and CCI manuals and procedures required deaths to be investigated and unusual incidents reported. Each guard addressed his statement to a superior officer and

placed it on internal correspondence stationery.

On the evidence, respondents did not prove that the investigation met the threshold requirement of being "specifically compiled" in anticipation of litigation. While law enforcement investigations may include trial preparation material, as respondents claim, this investigation did not fit the precise language of R.C. 149.43(A)(4). See *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland, supra; State, ex rel. Beacon Journal,* v. *Univ. of Akron, supra.*

The court of appeals in the case now before us followed this court's mandate in *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland, supra,* and inspected the records *in camera.* After inspection, it properly concluded the records were not exempt from release under the trial preparation exemption. Despite respondents' claim to the contrary, the court of appeals' decision was reasoned, logical, and based on precedent. Its decision followed and applied our previous decisions in *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland, supra,* and *State, ex rel. Beacon Journal,* v. *Univ. of Akron, supra.*

Furthermore, respondents, by the prior voluntary disclosure of this material in the *Pence* civil litigation, waived any claim of exemption under R.C. 149.43. The sheriff's office in that case neither sought protective orders or continued confidentiality, nor did it make any claim of privilege under Civ. R. 26(B)(3).

Voluntary disclosure can preclude later claims that records are exempt from release as public records. See *Cooper* v. *United States Dept. of the Navy* (C.A. 5, 1979), 594 F. 2d 484; *Mead Data Central, Inc.* v. *United States Dept. of the Air Force* (C.A. D.C. 1977), 566 F. 2d 242, 257-258.

In *North Dakota, ex rel. Olson,* v. *Andrus* (C.A. 8, 1978), 581 F. 2d 177, the court held that the government waived its right to assert exemptions under the Freedom of Information Act ("FOIA") by voluntarily surrendering public documents in separate litigation with a private party. Condemning selective disclosure, that court noted: "The selective disclosure exhibited by the government in this action is offensive to the purposes underlying the FOIA and intolerable as a matter of policy. Preferential treatment of persons or interest groups fosters precisely the distrust of government that the FOIA was intended to obviate. * * *" *North Dakota, ex rel. Olson,* v. *Andrus, supra,* at 182.

In this case, the interests of Pence's representative and Zuern were antagonistic, as were the interests in *North Dakota, ex rel. Olson,* v. *Andrus, supra.* Yet the sheriff's office voluntarily released the records in the *Pence* litigation. But now respondents refuse to give them to Zuern, who is sentenced to death for Pence's murder. Even if the records were otherwise exempt, respondents have waived any right to exemption by previously voluntarily disclosing the records. *North Dakota, ex rel. Olson,* v. *Andrus, supra; Cooper* v. *Dept. of the Navy, supra.*

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.