THE STATE, EX REL. COLEMAN, APPELLEE, *v.* CITY OF CINCINNATI ET AL., APPELLANTS.

[Cite as State, ex rel. Coleman, *v.* Cincinnati (1991), 57 Ohio St. 3d 83.]

(No. 90-1037—Submitted November 13, 1990—Decided January 23, 1991.)

*Randall M. Dana,* Ohio public defender, *David C. Stebbins, Dale A. Baich* and *Randall L. Porter,* for appellee.

*Richard A. Castellini,* city solicitor, and *Karl P. Kadon III,* for appellants.

*Per Curiam.* Cincinnati asserts that the records are exempt from release as trial preparation records. We hold the court of appeals did not abuse its discretion in holding that the police department's homicide investigative files in this case did not qualify as exempt "trial preparation records" under R.C. 149.43(A)(4). Hence, we affirm the judgment of the court of appeals.

R.C. 149.43 mandates the release of public records, but excepts a "trial preparation record." R.C. 149.43(A)(4) provides: " 'Trial preparation record' means any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney."

Cincinnati argues that these investigative materials were specifically compiled in anticipation of a criminal proceeding and hence were excepted under R.C. 149.43(A)(4) as trial preparation records. We disagree.

General criminal investigations, which here involved successfully prosecuted brutal homicides, do not, as such, create investigative materials exempt

from release as trial preparation records under R.C. 149.43(A)(4). We have previously rejected expansive interpretations of that exception. See *State, ex rel. Zuern,* v. *Leis* (1990), 56 Ohio St. 3d 20, 564 N.E. 2d 81; *State, ex rel. Beacon Journal Publishing Co.,* v. *Univ. of Akron* (1980), 64 Ohio St. 2d 392, 398, 18 O.O. 3d 534, 538, 415 N.E. 2d 310, 314. In *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786 (*"NBC I"*), and *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1991), 57 Ohio St. 3d 77, 566 N.E. 2d 146 (*"NBC II"*), decided this day, we found that Cleveland police internal investigations of police shootings of citizens did not qualify as excepted trial preparation records.

We concede that police may reasonably anticipate a "criminal action or proceeding," within the meaning of R.C. 149.43(A)(4), when they investigate a brutal homicide like Tonnie Storey's death. However, such investigations do not meet the "specifically compiled" requirement of the statute. In this case, as in the police shootings in *NBC II,* police investigated to find out what the facts were. Later, when a prosecutor reviewed the investigations, he decided what, if any, criminal charges should be brought and against whom.

Additionally, the language in R.C. 149.43(A)(4) "including the independent thought processes and personal trial preparation of an attorney" suggests that the General Assembly envisioned an attorney would normally direct or conduct the compilation of protected "trial preparation" information based upon trial strategy and the exigencies of litigation. In sum, police criminal investigations do not easily fit within the statutory requirements for excepted trial preparation records.

Moreover, broad application of the trial preparation exception to police criminal investigations negates the specifically drawn narrow exceptions to the General Assembly's mandated release of police records in R.C. 149.43(A)(2), "confidential law enforcement investigatory record." If police criminal investigations could qualify generally as trial preparation records, that exception would frustrate the legislative policies behind the public records statute.

In *NBC I, supra,* we held in the syllabus in relevant part: "1. Law enforcement investigatory records must be disclosed unless they are excepted from disclosure by R.C. 149.43. * * *2. A governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43. * * *"

The "trial preparation record" exception must be interpreted *in pari materia* with the other statutory exceptions, notably the exception for confidential law enforcement investigatory records, R.C. 149.43(A)(2). The General Assembly clearly evidenced an intention to require police investigatory records to be released with only a few narrow exceptions. "This court has acknowledged that R.C. 149.43 was amended * * * to subject law enforcement investigatory records to disclosure under the public records law." *NBC I, supra,* at 82, 526 N.E. 2d at 789. We previously noted: "Clearly, the wording of the statute indicates that the General Assembly sought to guard against these exceptions [trial preparation and work product] swallowing up the rule which makes public records available." *State, ex rel. Beacon Journal Publishing Co.,* v. *Univ. of Akron, supra,* at 398, 18 O.O. 3d at 538, 415 N.E. 2d at 314.

For the foregoing reasons, the court of appeals did not err in holding that these homicide investigations did

not qualify as exempt trial preparation records.

Cincinnati also argues that the court of appeals erred in not granting summary judgment for Cincinnati. We disagree.

In *NBC I, supra,* we declared at paragraph four of the syllabus: "When a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question. If the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released."

In this case, the court followed the mandated procedure of an *in camera* inspection. The court found Cincinnati failed to prove any applicable exception to release of the records. By deciding this case after actually reviewing the records, rather than by summary judgment, the court of appeals did not err.

We note that Coleman may maintain an action to secure public records under R.C. 149.43(C) because he meets the statutory requirement of being "a person." "Because the right to access [public records] is substantive, it cannot be abridged by Crim. R. 16. Section 5(B), Article IV of the Ohio Constitution; *Krause* v. *State* [(1972), 31 Ohio St. 2d 132, 60 O.O. 2d 100, 285 N.E. 2d 736], *supra,* paragraph five of the syllabus." *State, ex rel. Clark,* v. *Toledo* (1990), 54 Ohio St. 3d 55, 56-57, 560 N.E. 2d 1313, 1314.

Coleman has no other adequate legal remedy. *State, ex rel. Clark,* v. *Toledo, supra.* Unlike Shane in *State, ex rel. Shane,* v. *New Philadelphia Police Dept.* (1990), 56 Ohio St. 3d 36, 564 N.E. 2d 89, Coleman has no pending criminal case in which to raise these public records issues.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in judgment only.