OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Williams et al., Appellants and Cross-Appellees, v. City of Cleveland et al., Appellees and Cross-Appellants.

[Cite as State ex rel. Williams v. Cleveland (1992), Ohio St.3d     .]

Public records -- Trial preparation and confidential law
    enforcement investigatory records from aggravated murder
    conviction cases -- Exempt from disclosure, when -- R.C.
    149.43, applied.

(Nos. 91-572, 91-580 and 91-592 -- Submitted June 17, 1992 -- Decided September 2, 1992.)

Appeals and Cross-Appeals from the Court of Appeals for Cuyahoga County, Nos. 56438, 57769 and 58867.

Relators-appellants, Willie Lee Jester, Anthony Apanovitch, and Donald Williams, were individually convicted of capital crimes and sentenced to death. All direct appeals to which appellants are entitled have been exhausted. State v. Jester (1987), 32 Ohio St.3d 147, 512 N.E.2d 962, certiorari denied (1988), 484 U.S. 1047, 108 S.Ct. 785, 98 L.Ed.2d 871; State v. Apanovitch (1987), 33 Ohio St.3d 19, 514 N.E.2d 394; and State v. Williams (1988), 38 Ohio St.3d 346, 528 N.E.2d 910, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238. Appellants have individually requested that the city of Cleveland and various governmental officials, respondents-appellees and cross-appellants (collectively referred to as "appellees"), make records available to them for inspection and copying in accordance with Ohio's open records law, R.C. 149.43.1 In response to the appellees' not fully complying with appellants' demands, appellants, pursuant to R.C. 149.43(C), filed separate actions in mandamus in the Court of Appeals for Cuyahoga County.

The court of appeals conducted an in camera review of the records in each of the three cases. The court partially granted each of the writs, ordering the release of some records and denying appellants access to other records.

Appellants, Williams, Jester and Apanovitch, separately appealed to this court in case Nos. 91-572, 91-580 and 91-592, respectively. Appellees filed cross-appeals.2 The three cases have been consolidated for purposes of final disposition.3

The causes are now before this court upon appeals as of right.

Randall M. Dana, Ohio Public Defender, David C. Stebbins and Dale A. Baich, for appellant and cross-appellee in case No. 91-572.

Randall M. Dana, Ohio Public Defender, S. Adele Shank and Dale A. Baich, for appellant and cross-appellee in case No. 91-580.

Randall M. Dana, Ohio Public Defender, Scott Z. Jelen and Richard J. Vickers, for appellant and cross-appellee in case No. 91-592.

Danny R. Williams, Law Director, Kathleen A. Martin and Joseph J. Jerse, for appellees and cross-appellants in case Nos. 91-572, 91-580, and 91-592.

Douglas, J.    The central question in each of the cases before us is whether certain records demanded by appellants should have been made available to them.  Upon a thorough review of the records, we find the court of appeals did not abuse its discretion in ordering some records released, some released as redacted, and some records not released.  We affirm the court of appeals in each case in all respects.

As a threshold matter, it is clear that an action in mandamus is available to each appellant.  In State ex rel. Clark v. Toledo (1990), 54 Ohio St.3d 55, 560 N.E.2d 1313, syllabus, we held that "[a] criminal defendant who has exhausted the direct appeals of his conviction may avail himself of R.C. 149.43 to support his petition for post-conviction relief."  Further, R.C. 149.43(C) authorizes a cause of action in mandamus to a person allegedly aggrieved by the failure of a governmental unit to promptly prepare a public record and make it available for inspection in accordance with R.C. 149.43(B).4  A cause of action also exists if a person requests a copy of a public record and the custodian responsible for the record fails to make a copy available.  Indeed, there is no question that appellants are "person(s)" within the contemplation of R.C. 149.43(B).  Clark, supra, at 57, 560 N.E.2d at 1314; see, also, State ex rel. Coleman v. Cincinnati (1991), 57 Ohio St.3d 83, 85, 566 N.E.2d 151, 154.

As a consequence, R.C. 149.43(A) is at issue.  R.C. 149.43(A)(1) defines a "public record" as "any record that is kept by any public office * * * except * * * trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law."  (Emphasis added.)  Here, we are concerned with trial preparation and confidential law enforcement investigatory records.

A
Trial Preparation Exemption

Trial preparation records are exempt from disclosure and are defined in R.C. 149.43(A)(4) as:

"* * * [A]ny record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney."

We have recognized, on numerous occasions, the limited availability of the trial preparation exception. See State ex rel. Zuern v. Leis (1990), 56 Ohio St.3d 20, 564 N.E.2d 81; State ex rel. Beacon Journal Publishing Co. v. Univ. of Akron (1980), 64 Ohio St.2d 392, 398, 18 O.O.3d 534, 538, 415 N.E.2d 310, 314; and State ex rel. Natl. Broadcasting Co. v. Cleveland (1988), 38 Ohio St.3d 79, 526 N.E.2d 786 ("NBC I").5 In Beacon Journal, supra, at 398, 18 O.O.3d at 538, 415 N.E.2d at 314, we noted that "* * * the wording of the statute indicates that the General Assembly sought to guard against these exceptions swallowing up the rule which makes public records available. * * *"

The court of appeals, in each of the cases, followed this court's mandate in NBC I, supra, paragraph four of the syllabus, and conducted an in camera review of the records. After review, the court applied the trial preparation exemption, concluding that some of the records were exempt, in whole or in part, from release. Specifically, the court of appeals applied the exemption to five records in case No. 91-572 (Williams), fifteen records in case No. 91-580 (Jester), and one record in case No. 91-592 (Apanovitch). For the most part, these records contain certain statements from various witnesses and/or involve trial preparation by the prosecution.

We have carefully inspected the foregoing records in question and are convinced that the court of appeals did not err in applying the trial preparation exemption to these records. The court followed and correctly applied previous decisions from this court, rejecting an expansive interpretation of R.C. 149.43(A)(4). Furthermore, it is apparent that the court of appeals recognized that in order for the trial preparation exception to apply, R.C. 149.43(A)(4) requires records to be "specifically compiled in reasonable anticipation" of litigation. Zuern, supra, at 21, 564 N.E.2d at 83.

B

Confidential Law Enforcement Investigatory Exemption

R.C. 149.43(A)(2) permits nondisclosure of "confidential law enforcement investigatory record(s)" only insofar as their release would create a high probability of disclosure of the following:

"* * *

"(c) Specific confidential investigatory techniques or procedures or specific investigatory work product;

"(d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source."

In all three cases, the court of appeals found that some records were exempt from release on the basis of the "specific investigatory work product" exemption, R.C. 149.43 (A)(2)(c). The court determined that these records contained information derived from a coroner's autopsy or concerned information derived from particular scientific tests. The court's decisions were based to a large extent, on NBC I, supra, or State ex rel. Dayton Newspapers, Inc. v. Rauch (1984), 12 Ohio St.3d 100, 12 OBR 87, 465 N.E.2d 458, or a combination of both cases.

In Rauch, we affirmed the principle that exceptions to the

disclosure requirements of R.C. 149.43(B) be strictly construed against the custodian of the records.  However, we held that autopsy reports are exempt from disclosure as specific investigatory work product under R.C. 149.43(A)(2)(c), reasoning that an autopsy is, in itself, an investigation.

In NBC I, supra, paragraphs two and three of the syllabus, we held that:

"2.  A governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43.

"3.  The specific investigatory work product exception, R.C. 149.43(A)(2)(c), protects an investigator's deliberative and subjective analysis, his interpretations of the facts, his theory of the case, and his investigative plans.  The exception does not encompass the objective facts and observations he has recorded."

We further explained that:

"* * *  The content of the record, not the fact that it was created during the investigation of a specific crime, determines whether material may be withheld as a 'specific investigatory work product' exception.

"Specific investigatory work product can best be defined as material that demonstrably contains or reveals the theories, mental impressions and thought processes of the investigator. * * *"  Id. at 83-84, 526 N.E.2d at 790.

Appellants take exception to the court of appeals' application of R.C. 149.43(A)(2)(c) in their respective cases. Appellants contend that scientific test results and coroner's examination results necessarily involve objective facts and observations of an investigator.  Therefore, urge appellants, such records are public records subject to disclosure. Appellants further urge that we overrule Rauch, supra, arguing that it is inconsistent with NBC I, supra.

We disagree with appellants' arguments.  Our review of the records indicates that the court of appeals properly applied the work product exception.  Further, we decline appellants' invitation to overrule Rauch.  In determining which records were public records subject to disclosure, and which records were exempt from release under the "specific investigatory work product" exceptions, the court of appeals properly applied and relied on the NBC I and Rauch decisions.6

The court of appeals, in case No. 91-572 (Williams), exempted thirty-one records, in whole or in part, based on threats to the physical safety of informants or witnesses. R.C. 149.43(A)(2)(d).  The court did not apply this exception in case No. 91-580 (Jester) or in case No. 91-592 (Apanovitch).

Appellants challenge the court of appeals' decision in case No. 91-572, arguing that the appellees failed to satisfy the burden imposed on them to prove that the records withheld from disclosure are exempt under R.C. 149.43(A)(2)(d). Appellees, on the other hand, defend the court of appeals' decision in case No. 91-572 and, in addition, request reversal of case No. 91-592, urging that several witnesses expressed fear of appellant, Apanovitch.

We have reviewed the records in question and conclude that the court of appeals in case Nos. 91-572 and 91-592 properly determined that certain records were exempt or not exempt under

R.C. 149.43(A)(2)(d). The court correctly recognized that appellees had "the burden of proving that the records are excepted from disclosure by R.C. 149.43." NBC I, supra, paragraph two of the syllabus.

C

Conclusion

The court of appeals, in each of the cases, conducted an extensive in camera inspection of the records. The court concluded, among other things, that some of the records should be released in full, some not disclosed, and some released only after redacting certain portions. In rendering its decisions, we are convinced that the court was aware that R.C. 149.43 was intended by the General Assembly to be liberally construed to ensure that governmental records be open and made available to the public and that public records are subject only to a few very limited and narrow exceptions. We defer to the discretion of the court of appeals in all three cases in all respects.

Accordingly, the judgments of the court of appeals are affirmed.

Judgments affirmed.

Moyer, C.J., Sweeney, Wright, H. Brown and Resnick, JJ., concur.

Holmes, J., dissents.

FOOTNOTES:

1    It appears that Jester and Williams have requested certain public records to support or prepare their petitions for post-conviction relief.

2    The court of appeals permitted the Cuyahoga County Prosecutor to intervene.

3    Appellants have filed a consolidated brief in this court.

4    R.C. 149.43(B) provides:

"All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division."

5    See, also, State ex rel. Natl. Broadcasting Co. v. Cleveland (1991), 57 Ohio St.3d 77, 566 N.E.2d 146 ("NBC II"); and State ex rel. Coleman v. Cincinnati (1991), 57 Ohio St.3d 83, 566 N.E.2d 151. Both of these cases were decided after the court of appeals rendered its decisions in case Nos. 91-572 and 91-580 (Williams and Jester, respectively) but before case No. 91-592 (Apanovitch).

6    We also reject appellees' argument that the court of appeals applied the investigatory work product exemption too narrowly. Appellees did not specifically assert how the court of appeals erred or which documents that were previously ordered released need to be exempted.