THE STATE EX REL. JOHNSON, APPELLEE AND CROSS-APPELLANT, *v.*
CITY OF CLEVELAND ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as *State ex rel. Johnson v. Cleveland*
(1992), 65 Ohio St.3d 331.]

(No. 91–2369—Submitted October 13, 1992—Decided December 14, 1992.)

*Randall M. Dana,* Ohio Public Defender, *Nathan A. Ray* and *Jerry L. McHenry,* Assistant Public Defenders, for appellee and cross-appellant.

*Danny R. Williams,* Law Director, and *Joseph J. Jerse,* Assistant Law Director, for appellants and cross-appellees.

---

*Per Curiam.* In their appeal, respondents argue that the court of appeals erred in ordering the release of certain documents as public records. In his cross-appeal, relator argues that certain other documents should have been released as public records. After thorough review, we find the court of appeals did not abuse its discretion in ordering some records released, some released as redacted, and some records not released. We affirm the court of appeals in all respects.

### Trial Preparation Records

In their Proposition of Law No. I, respondents argue that witness statements taken by police in a criminal investigation for the prosecutor's use at trial are exempt trial preparation records under R.C. 149.43(A)(4).

We agree that some witness statements have been found to be exempt trial preparation records. See *State ex rel. Williams v. Cleveland* (1992), 64 Ohio St.3d 544, 547, 597 N.E.2d 147, 149–150. In other cases, witness statements obtained during criminal investigations have been found not exempt from release as public records. *State ex rel. Zuern v. Leis* (1990), 56 Ohio St.3d 20, 564 N.E.2d 81; *State ex rel. Coleman v. Cincinnati* (1991), 57 Ohio St.3d 83, 566 N.E.2d 151.

In this case, the court of appeals did not abuse its discretion in ordering the release of these statements. On numerous occasions, we have recognized the limited availability of the trial preparation exception. *State ex rel. Williams v. Cleveland, supra,* 64 Ohio St.3d at 546, 597 N.E.2d at 149; *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 84, 526 N.E.2d 786, 791. Moreover, the specific language in R.C. 149.43(A)(4) creating that exemption "suggests that the General Assembly envisioned an attorney would normally direct or conduct the compilation of protected 'trial preparation' information based upon trial strategy and the exigencies of litigation." *State ex rel. Coleman v. Cincinnati, supra,* 57 Ohio St.3d at 84, 566 N.E.2d at 153.

In this case, the court of appeals found that these statements were taken by police "as a part of the homicide investigation and not specifically for trial preparation." No evidence reflects that attorneys initiated, supervised, or were otherwise involved with the preparation of these statements. Based on the evidence, the court of appeals' reasoned, logical conclusion need not be

disturbed on appeal. *State ex rel. Williams v. Cleveland, supra; State ex rel. Clark v. Toledo* (1992), 62 Ohio St.3d 452, 453, 584 N.E.2d 662, 663.

In the second proposition of law in his cross-appeal, relator argues that notes taken by detectives during the trial should have been released, since there was no showing that the notes were prepared at the direction of the prosecutor. We agree with the court of appeals that these documents are exempt trial preparation records. Detectives frequently sit at a prosecutor's elbow during trial, and detectives made these notes to assist the prosecutor in trying the case. In addition, these personal notes reveal subjective judgments and qualify as exempt investigatory work product under R.C. 149.43(A)(2)(c). *State ex rel. Natl. Broadcasting Co. v. Cleveland, supra,* at paragraph three of the syllabus. See, also, *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 32, 20 OBR 279, 281, 485 N.E.2d 706, 709, at fn. 2.

## Investigatory Work Product

In their Proposition of Law No. II, respondents challenge the court of appeals' decision to release a document on an unrelated homicide, which was included in the investigative file of the murder for which relator was convicted. At the time, a detective thought that the two murders might be related. Since this report contains no "subjective analysis," the court of appeals did not abuse its discretion in directing its release. See *State ex rel. Natl. Broadcasting Co. v. Cleveland, supra,* at paragraph three of the syllabus.

In his cross-appeal, relator argues in the first proposition of law that the court of appeals erred in exempting an autopsy document from release. We disagree. Autopsy records are exempt from release as investigatory work product under R.C. 149.43(A)(2)(c). *State ex rel. Williams v. Cleveland, supra,* 64 Ohio St.3d at 547, 597 N.E.2d at 150; *State ex rel. Dayton Newspapers, Inc. v. Rauch* (1984), 12 Ohio St.3d 100, 12 OBR 87, 465 N.E.2d 458.

## Risk to Witnesses

In their Proposition of Law No. III, respondents contend that personal identifying information such as the name, address, and telephone number of the relative of a homicide victim is exempt from release because the relative's safety might be jeopardized by public disclosure.

However, R.C. 149.43 does not automatically exempt from release personal information about the relatives of a crime victim as respondents urge. Nor is privacy a specific basis to deny the release of documents. Moreover, the government has the burden of proving the application of an exemption, such

as that "life or physical safety" would be endangered under R.C. 149.-43(A)(2)(d). See *State ex rel. Natl. Broadcasting Co. v. Cleveland, supra,* at paragraph two of the syllabus.

The court of appeals found that the danger to this victim's relative was neither self-evident nor proved by evidence. Accordingly, the court of appeals acted within its discretion in declining to exempt these documents.

In the third proposition of law of his cross-appeal, relator argues that the court below incorrectly exempted four documents because public release would identify informants who would then be at risk. However, *in camera* inspection of these documents reveals that these witnesses personally expressed fears for their safety and reasons for those fears. Thus, we agree that these documents were exempt under R.C. 149.43(A)(2)(d). See *State ex rel. Polovischak v. Mayfield* (1990), 50 Ohio St.3d 51, 54, 552 N.E.2d 635, 638.

### FBI and BCI Records

In the fourth proposition of law of his cross-appeal, relator complains about the exemption of certain Ohio Bureau of Criminal Identification and Investigation ("BCI") records and Federal Bureau of Investigation ("FBI") documents.

However, R.C. 109.57(A) and (D) declare the BCI documents in question not to be public records. The FBI information is also protected. See Section 3789g(b), Title 42, U.S.Code. Under R.C. 149.43(A)(1), the term "public record" does not include "records the release of which is prohibited by state or federal law." Thus, the court of appeals did not err in finding these documents exempt from release.

### Adequacy of Legal Remedy

Respondents also argue that relator has an adequate legal remedy since he could obtain these records, via discovery, during his proceedings for postconviction relief. However, relator's rights of discovery in such postconviction proceedings do not justify denial of mandamus. See *State ex rel. Williams v. Cleveland, supra,* 64 Ohio St.3d at 545, 597 N.E.2d at 148–149; *State ex rel. Clark v. Toledo* (1990), 54 Ohio St.3d 55, 560 N.E.2d 1313.

### Conclusion

In this case, the court of appeals performed an extensive *in camera* inspection and properly ordered some documents released and found others exempt. We defer to the judgment of the court of appeals, which appears

valid in all respects. See *State ex rel. Williams v. Cleveland, supra,* 64 Ohio St.3d at 549, 597 N.E.2d at 151.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.