OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Hamblin, Appellant, v. City of Brooklyn et
al., Appellees.
[Cite as State ex rel. Hamblin v. Brooklyn (1993),        Ohio
St.3d        .]
Public records -- Trial preparation materials and investigatory
     work product from aggravated murder conviction case --
     Exempt from disclosure, when -- R.C. 149.43, applied.
     (No. 91-1773 -- Submitted May 18, 1993 -- Decided August
18, 1993.)
     Appeal from the Court of Appeals for Cuyahoga County, No.
58013.
     Relator-appellant David Hamblin was convicted of
aggravated robbery, attempted murder, and aggravated murder,
and sentenced to death.  We affirmed his convictions and death
sentence.  State v. Hamblin (1988), 37 Ohio St.3d 153, 524
N.E.2d 476, certiorari denied, Hamblin v. Ohio (1988), 488 U.S.
975, 109 S.Ct. 515, 102 L.Ed.2d 550.
     In June 1989, Hamblin's counsel requested that the city of
Brooklyn provide access to public records relating to Hamblin's
arrest and convictions.  Following the city's alleged inaction,
Hamblin petitioned for mandamus under R.C. 149.43 in the court
of appeals against respondents-appellees, Brooklyn and
Brooklyn's police chief, James Maloney (the "city").  The
Cuyahoga County Prosecuting Attorney intervened as an
additional respondent.  In response, the city released numerous
documents and claimed the remainder were exempt.  After an in
camera review, the court of appeals in a split decision held
fourteen pages exempt as either trial preparation records, R.C.
149.43(A)(4), or investigatory work product, R.C.
149.43(A)(2)(c).
     The cause is now before us upon an appeal as of right.

     James Kura, Ohio Public Defender, Kathleen A. McGarry and
Dale A. Baich, for appellant.
     Thomas F. O'Malley, Law Director; Stephanie Tubbs Jones,
Cuyahoga County Prosecuting Attorney, and Carol Shockley,
Assistant Prosecuting Attorney, for appellees.

Per Curiam. We hold that the court of appeals did not abuse its discretion in finding particular witness statements to be exempt trial preparation materials under R.C. 149.43(A)(4) or in finding certain forensic documents to be exempt investigatory work product, R.C. 149.43(A)(2)(c).

Here, the court of appeals performed the mandated individualized scrutiny of the records. See State ex rel. Natl. Broadcasting Co. v. Cleveland (1988), 38 Ohio St.3d 79, 526 N.E.2d 786; State ex rel. Natl. Broadcasting Co. v. Cleveland (1991), 57 Ohio St.3d 77, 566 N.E.2d 146. Previously, we chose to defer to the discretion of the court of appeals that performed an in camera review. State ex rel. Williams v. Cleveland (1992), 64 Ohio St.3d 544, 549, 597 N.E.2d 147, 151. "[R]eversal of the factual determinations of the appellate court relative to disclosure made during its in camera review would be inappropriate absent an abuse of discretion." State ex rel. Vindicator Printing Co. v. Watkins (1993), 66 Ohio St.3d 129, 136-137, 609 N.E.2d 551, 558.

Admittedly, "[w]e have recognized, on numerous occasions, the limited availability of the trial preparation exception." State ex rel. Williams v. Cleveland, supra, at 546, 597 N.E.2d at 149. Nonetheless, "witness statements have been found to be exempt trial preparation records." State ex rel. Johnson v. Cleveland (1992), 65 Ohio St.3d 331, 332, 603 N.E.2d 1011, 1012.

The court of appeals exercised its discretion properly here in finding that these witness statements qualified as trial preparation records. That court found that those statements "transcend the mere chronicling of fact" and "are the exact words of a possible trial witness, signed by the witness and taken to furnish the prosecutor with the requisite direct testimony." Further, their form ensured authenticity, and the statements could be used to impeach the witness or to refresh recollection. Uncontradicted evidence existed that these statements "were specifically prepared *** for the sole purpose of providing the prosecutor with the information necessary to present the case to the grand jury and to a jury at the criminal trial." (Appdx. A-12; R. 20)

We reject Hamblin's claim that the city "may have waived" its exemption to public release. We need not consider a claim of error not raised before the court trying the case. State v. Williams (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364.

Finally, the court of appeals did not abuse its discretion in finding that scientific and forensic tests and submissions for such tests qualified as exempt work product under R.C. 149.43(A)(2)(c). See State ex rel. Williams v. Cleveland, supra, 64 Ohio St.3d at 548, 597 N.E.2d at 150; State ex rel. Johnson v. Cleveland, supra, 65 Ohio St.3d at 333, 603 N.E.2d at 1013; State ex rel. Dayton Newspapers, Inc. v. Rauch (1984), 12 Ohio St.3d 100, 12 OBR 87, 465 N.E.2d 458.

In sum, Hamblin has not demonstrated that the court of appeals abused its discretion in finding, after an in camera inspection, that certain documents were exempt from release. That "reasoned, logical conclusion need not be disturbed on appeal." State ex rel. Johnson v. Cleveland, supra, at 332-333, 603 N.E.2d at 1013.

                              Judgment affirmed

Moyer, C.J., A.W. Sweeney, Wright and Resnick, JJ., concur.
Douglas, J., concurs in judgment only.
Pfeifer, J., dissents.
F.E. Sweeney, J., not participating.

Pfeifer, J., dissenting.  David Hamblin fatally wounded Lillian Merrick on October 13, 1983.  By June 15, 1988, he had been tried and convicted of the crime and had had his appeal as of right before this court.  We upheld the conviction and death sentence, and later in 1988 the United States Supreme Court denied Hamblin's petition for a writ of certiorari.

Pursuant to R.C. 2953.21(A), any person convicted of a criminal offense who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio or United States Constitutions may file an action with the sentencing court stating the grounds for relief and asking the court to vacate or set aside the judgment or sentence.  In conjunction with such an action, defendants routinely seek to review the prosecutor's file regarding their case.

It is apparent that litigating the denial of a public records request for the prosecutor's entire file has now become an effective strategy to delay the imposition of the death penalty in Ohio.  This case is a classic example.

It has been over four years since David Hamblin's counsel made their public records request to the city of Brooklyn.  For four years the state of Ohio has fed, clothed and housed a man that the people of Ohio have legally found to be unworthy of life.  For four years the victim's family has had to live with the thought that the person who took their loved one's life remains able to live his own.  And for four years the deterrent value of Ohio's death penalty statute has been steadily eroded.

The perpetrators of death penalty crimes exact a huge toll on our society.  First, there is the loss of the life of the innocent victim and the concomitant emotional and psychological cost to the victim's family, friends, and community.  Then, there are the more measurable costs of confinement and legal costs for the defendant's seemingly endless appeals.  A further hidden cost is the death penalty defendant's drain on the resources of our public defenders, resources which could be better put to use for the defense of indigent defendants at the trial level.  Finally, there is a cost to the philosophical validity of the death penalty statute, which is hopelessly undermined when appeals and the habeas corpus process routinely cover the span of two decades.

Our courts must do what is within their power to control those costs.  The best way to do that is to open the prosecutor's entire file at the conclusion of a death penalty defendant's statutory appeals process.

Also, for post-conviction relief to be meaningful, a defendant needs access to the file that is the one most likely to contain information regarding questionable prosecution tactics.  If the prosecutor's file contains information that indicates the defendant's death sentence was somehow wrongfully obtained, then clearly the defendant and the trial court should be provided that information for the post-conviction relief hearing.

In this case, the prosecutor should have opened his entire file immediately upon the defendant's request. Since the prosecutor did not, the trial court should have ordered him to do so. I therefore respectfully dissent from the majority's opinion.