THE STATE EX REL. MARTIN, APPELLANT, *v.*
CITY OF CLEVELAND ET AL., APPELLEES.

[Cite as *State ex rel. Martin v. Cleveland* (1993), 67 Ohio St.3d 155.]

156

(No. 92–475—Submitted May 18, 1993—Decided August 18, 1993.)

*James Kura,* Ohio Public Defender, *Richard J. Vickers* and *Dale A. Baich,* Assistant Public Defenders, for appellant.

*Danny R. Williams,* Director of Law, and *Joseph J. Jerse,* Assistant Director of Law, for appellees.

*Per Curiam.* We affirm the court of appeals' decision to exempt documents from public release based upon promises of confidentiality or threats to the physical safety of witnesses. See R.C. 149.43(A)(2)(b) and (d). We also affirm that court's finding that certain witness statements were exempt from release as "trial preparation records" under R.C. 149.43(A)(4).

At the outset, we reject Martin's effort to require that a public document, within its four corners, specify the promise of confidentiality to witnesses or the threat to their physical safety in order to be exempt from release under R.C. 149.43(A)(2)(b) or (d). As the court of appeals noted, it would be "unwise to abrogate promises of confidentiality, to burden the police with further procedures, or to take unnecessary risks with people's safety. * * * Extended written

procedures could also * * * [curtail] citizen cooperation" and "cause the police to lose chances to apprehend perpetrators."

Here, the court of appeals acted upon adequate evidence to exempt these documents from public release. Moreover, "reversal of the factual determinations of the appellate court relative to disclosure made during its *in camera* review would be inappropriate absent an abuse of discretion." *State ex rel. Vindicator Printing Co. v. Watkins* (1993), 66 Ohio St.3d 129, 136–137, 609 N.E.2d 551, 558.

Despite Martin's claims to the contrary, witness statements can be exempt trial preparation records. *State ex rel. Hamblin v. Brooklyn* (1993), 67 Ohio St.3d 152, 616 N.E.2d 883; *State ex rel. Johnson v. Cleveland* (1992), 65 Ohio St.3d 331, 332, 603 N.E.2d 1011, 1012.

Here, the court of appeals properly found certain witness statements to be exempt "trial preparation" records. Other facts confirm a homicide detective's assertion that these statements were "prepared for no other reason than for the use of the prosecutor." In form, these statements were verbatim, first person, typewritten narratives which were reviewed, sworn to and signed by the witnesses. That form, useful both to refresh recollection or impeach a witness, was similar to what lawyers use to "lock in" a witness for trial. Moreover, detectives mostly took the statements after the investigation had focused on Martin and he had been arrested.

Finally, we reject Martin's claim that the city may have waived its exemption to public release. We need not consider a claim never raised before the trial court. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364. Also, the passage of time does not alter the exempt status of documents. *State ex rel. Polovischak v. Mayfield* (1990), 50 Ohio St.3d 51, 552 N.E.2d 635; *State ex rel. Thompson Newspapers, Inc. v. Martin* (1989), 47 Ohio St.3d 28, 546 N.E.2d 939.

Thus, "the court of appeals' decision was reasoned, logical, and based on precedent. Its decision followed and applied our previous decisions * * *." *State ex rel. Zuern v. Leis* (1990), 56 Ohio St.3d 20, 22, 564 N.E.2d 81, 83. Accordingly, we affirm its judgment.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY and RESNICK, JJ., concur.

DOUGLAS and WRIGHT, JJ., concur in judgment only.

Pfeifer, J., dissents for the reasons stated in his dissent in *State ex rel. Hamblin v. Brooklyn* (1993), 67 Ohio St.3d 152, 616 N.E.2d 883, decided this date.

F.E. Sweeney, J., not participating.