Timothy W. Siney, Jr., appeals from the judgment of the Oakwood Municipal Court in favor of the appellees, Michael Miller and Diana Sebaly.
This litigation began when Miller and Sebaly filed their complaint seeking compensatory and punitive damages from Siney because they contended Siney broke into Sebaly's car and stole Miller's property.
After the matter was at issue, both parties filed summary judgment motions. The trial court granted plaintiffs' a partial summary judgment on the issue of liability and overruled the defendant's motion.
In support of plaintiffs' summary judgment motion, plaintiffs submitted the affidavits of Diana Sebaly and Detective Lantz of the Oakwood Police Department. Diana Sebaly stated in her affidavit that her 1997 Lexus was broken into between March 11, 1997 and March 12, 1997 while her vehicle was parked in Oakwood, Ohio. She also stated personal items were taken from the vehicle which belonged to her son, Michael Miller.
Detective Lantz stated that Siney admitted that he broke into the Lexus and stole the personal items contained in the vehicle. Lantz also identified an Oakwood Police offense report which indicated that Dayton Police arrested Siney on March 12, 1997 driving a stolen car and they recovered the personal items stolen from Ms. Sebaly's vehicle. The report indicated that Siney told the arresting officer that a friend loaned him the car and that he did not know the property in the vehicle was stolen.
In granting partial summary judgment to the plaintiffs on liability for trespass to chattels and conversion, the trial court mentioned only the affidavits of Sebaly and Lantz. The court made no mention of the matters referred to in the police report.
The trial court then submitted the matter of damages to a jury. The jury awarded Miller compensatory damages in the amount of $350, nominal damages of $10 and punitive damages in the amount of $2,133. Sebaly was awarded compensatory damages of $1,392 and punitive damages of $4,000. The jury recommended that the plaintiff be awarded their reasonable attorneys fees which the court set at $6,000. After the award was reduced to judgment, this appeal followed.
In his first assignment of error, appellant contends the trial court improperly considered the Oakwood Police Report which disclosed he was arrested by the Dayton Police. He contends the report should not have been admitted into evidence since he was not charged criminally with the break in of the Sebaly vehicle and the Miller theft. Appellant cites R.C.149.43(A)(2)(a) of the Ohio Public Records Act in support of his argument.
The appellees appropriately noted the City's investigating records lost their exempt status when the City disclosed them to appellees. State ex rel. Zuern v. Leis (1990), 56 Ohio St.3d 20. In any event, the admission of this record was harmless. The trial court did not consider it in entering partial summary judgment to the appellees. Lantz's affidavit that appellant admitted the offense also rendered any error in admitting the report harmless. The first assignment of error is Overruled.
In his second assignment, Siney contends the trial court should not have considered his confession to Detective Lantz because he was extended immunity pursuant to a plea agreement in Montgomery County Common Pleas Court. The record fails to demonstrate that appellant raised this issue in the trial court. Appellant's objection to the admission of his confession on this basis is untimely. Niemann v. Cooley (1994), 93 Ohio App.3d 81. Also there is no evidence in the record of a plea agreement which prohibited the use of appellant's confession to Detective Lantz in a civil proceeding. The second assignment of error is also Overruled.
In his final assignment of error, Siney contends the trial court granted the appellees partial summary judgment without prior leave of court pursuant to Civ.R. 56(B). He also contends the jury should not have awarded nominal and punitive damages as they were not sought in the complaint.
On January 12, 1998, the trial court set January 26, 1998 as the summary judgment cut-off. The plaintiffs cross-motion for partial summary judgment was filed in a timely manner on January 23, 1998. The plaintiffs' complaint requested nominal and punitive damages. The third assignment of error is Overruled.
The judgment of the trial court is Affirmed.
FAIN, J., and GRADY, J., concur.
Copies mailed to:
Joseph v. Hatala Timothy W. Siney, Jr. Hon. Robert Deddens