## MARSHALL et v BENDER

Ohio Appeals, 3rd Dist, Crawford Co

No 1358. Decided March 18, 1935

Alfred S. Leuthold, Bucyrus, for plaintiffs in error.

Calvin E. Knisely, Galion, for defendant in error.

## OPINION

By GUERNSEY, J.

With reference to the first contention, it was held in the case of **Parker v Height, 14 O.C.C. 548,** followed in the case of **The K. B. Company v Dixon, 19 C.C. (N.S.) 196,** that §11347 GC granting to the Common Pleas Court authority to extend the time for filing any pleading, applies to cases in such court on appeal from judgments of justices of the peace, and following these cases we hold that the court in the instant case had jurisdiction to grant the plaintiffs leave to plead subsequent, to the rule day fixed by **§10398 GC** above referred to.

In considering the second contention it is necessary to bear in mind the rule of construction provided in **§10214 GC** as applicable to Part Third of the General Code of which **§11347 GC** is a part, which reads as follows:

"Sec 10214 GC. Construction of part three.—The provisions of part third and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice. The rule of the common law, that statutes in derogation thereof must be strictly construed has no application to such part; but this section shall not be so construed as to require a liberal construction of provisions affecting personal liberty, relating to amercement, or of a penal nature."

Applying this rule of construction to the provisions of §11347 GC it is clear that the purpose of the section was to preserve to parties the right to litigate their differences, and that such right is not to be arbitrarily denied them.

The evidence introduced on behalf of the plaintiffs in the instant case, tends to prove that the plaintiffs had a meritorious claim against the defendant, and that through

no fault on their part the petition setting forth such claim was not filed within rule, and that after they ascertained the facts they proceeded with reasonable diligence to employ other counsel and secure the necessary leave to file their petition. This evidence is uncontroverted, and under the circumstances, applying the rule above mentioned we are of the opinion that the trial court abused its discretion in refusing such leave and dismissing the appeal.

For the reasons mentioned, the judgment of the Common Pleas Court will be reversed at costs of defendant in error, and the cause remanded with instructions to that court to sustain such application for leave to plead and to overrule the application to dismiss.

KLINGER, PJ, and CROW, J, concur.