PRICE, APPELLANT, *v.* COX, APPELLEE.

(No. 231—Decided March 20, 1957.)

*Messrs. Dillon & Johnston,* for appellant.
*Mr. Leslie G. Johnson,* for appellee.

COLLIER, P. J.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Hocking County dismissing the plaintiff's petition at the close of plaintiff's evidence, for failure of proof of an essential allegation of his petition.  The plaintiff is seeking to recover damages resulting from a collision which occurred on January 20, 1953, between plaintiff's automobile and a truck alleged to have been driven by the defendant.

The undisputed evidence discloses that plaintiff's automobile at the time and place in question was struck by a flat-

bottomed Chevrolet truck which had crossed the center line of the street and after the collision did not stop but proceeded on in the direction in which it was being driven; that the identity of the driver of the truck at the time of the collision with plaintiff's automobile was not known; that, at a distance of eight city blocks away, a truck of a similar description was involved in an accident with another automobile, resulting in the arrest of the defendant; and that the defendant entered a plea of guilty to the offense of operating a motor vehicle while under the influence of intoxicating liquor at the time of the second accident.

The question presented is whether this evidence, construed in the most favorable light in favor of the plaintiff, is sufficient to show that the defendant was driving the vehicle which collided with the plaintiff's automobile.

There is no direct proof that the defendant was driving the truck that collided with the plaintiff's automobile. Any liability of the defendant must be based on an inference or inferences. An inference may be drawn only from an established fact. The only proved facts shown by the evidence as to the identity of the driver of the truck at the time of the first accident is her admission by her plea of guilty that she was driving a truck at the time of the second accident, that the truck involved in both accidents met the same description and that both accidents occurred within a short time and within a short distance from each other. In order to reach the conclusion that the defendant was driving the truck which struck plaintiff's automobile, we are required to infer from these proved facts not only that it was the same truck but also that the defendant was driving this truck when the first accident occurred.

The rule is that an inference drawn from a deduction and not from an established fact may not be used as a basis for another inference. Appellant relies upon the rule that a situation once established continues until the contrary is shown. This is a well recognized rule of evidence, but the converse of that rule is not true. In *Richards* v. *Stratton,* 112 Ohio St., 476, at page 484, 147 N. E., 645, Judge Matthias said:

"There is a presumption that a situation established continues until the contrary is shown, *but the converse is not true."* (Emphasis added.)

Pursuant to this rule, we must conclude that the evidence is insufficient to establish the identity of the defendant as the driver of the truck which collided with the plaintiff's automobile, and that, therefore, the trial court was right in so construing the evidence.

The plaintiff, appellant herein, also contends that the trial court erred in permitting the defendant to file an answer on the day of trial, some 14 months after the filing of the petition. The record shows that the defendant was present in court and that counsel stated that the delay in filing an answer was brought about by an attempt to settle the controversy. Section 2309.42, Revised Code, reads:

"Upon such terms as are just, the court, or a judge thereof in vacation, for good cause shown, may extend the time for filing any pleading."

This is a matter that rests entirely within the discretion of the court. Under the circumstances we can not say as a matter of law that the court abused its discretion in permitting the defendant to file an answer in the form of a general denial.

The record discloses no error prejudicial to the rights of the plaintiff, and the judgment of the Common Pleas Court must be, and hereby is, affirmed.

*Judgment affirmed.*

GILLEN, J., concurs.
McCURDY, J., not participating.