OPINIONS OF THE SUPREME COURT OF OHIO

        The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.

        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.

        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Martin, Appellant, v. City of Cleveland et
al., Appellees.
[Cite as State ex rel. Martin v. Cleveland (1993),        Ohio
St.3d        .]
Mandamus to compel access to public records relating to
        relator's arrest and investigation for aggravated murder
        -- Writ denied when documents are exempt from public
        release based upon promises of confidentiality or threats
        to the physical safety of witnesses -- R.C.
        149.43(A)(2)(b) and (d) -- Witness statements exempt from
        release when they are "trial preparation records" under
        R.C. 149.43(A)(4).
        (No. 92-475 -- Submitted May 18, 1993 -- Decided August
18, 1993.)
        Appeal from the Court of Appeals for Cuyahoga County, No.
60977.
        Relator-appellant, Ernest Martin, was convicted of
aggravated robbery and aggravated murder and sentenced to
death, and we affirmed his convictions and death sentence.
State v. Martin (1985), 19 Ohio St.3d 122, 19 OBR 330, 483
N.E.2d 1157, certiorari denied, Martin v. Ohio (1986), 474 U.S.
1073, 106 S. Ct. 837, 88 L.Ed.2d 808.
        In August 1990, Martin's counsel requested that Cleveland
officials provide him access to public records relating to his
arrest and investigation of the crimes with which he was
charged.  Following the city's alleged inaction, Martin
instituted a complaint for mandamus under R.C. 149.43 in the
court of appeals against respondents, city of Cleveland and
several city officials ("city").  In response, the city
released numerous documents but withheld others.  After
reviewing the disputed records, in camera, the court of appeals
granted the writ, in part, ordering the release of additional
documents.
        The cause is now before us upon an appeal as of right.


        James Kura, Ohio Public Defender, Richard J. Vickers and
Dale A. Baich, Assistant Public Defenders, for appellant.
        Danny R. Williams, Director of Law, and Joseph J. Jerse,

Assistant Director of Law, for appellees.

Per Curiam.  We affirm the court of appeals' decision to exempt documents from public release based upon promises of confidentiality or threats to the physical safety of witnesses.  See R.C. 149.43(A)(2)(b) and (d).  We also affirm that court's finding that certain witness statements were exempt from release as "trial preparation records" under R.C. 149.43(A)(4).

At the outset, we reject Martin's effort to require that a public document, within its four corners, specify the promise of confidentiality to witnesses or the threat to their physical safety in order to be exempt from release under R.C. 149.43(A)(2)(b) or (d).  As the court of appeals noted, it would be "unwise to abrogate promises of confidentiality, to burden the police with further procedures, or to take unnecessary risks with people's safety.  * * *  Extended written procedures could also * * * [curtail] citizen cooperation" and "cause the police to lose chances to apprehend perpetrators."

Here, the court of appeals acted upon adequate evidence to exempt these documents from public release.  Moreover, "reversal of the factual determinations of the appellate court relative to disclosure made during its in camera review would be inappropriate absent an abuse of discretion."  State ex rel. Vindicator Printing Co. v. Watkins (1993), 66 Ohio St.3d 129, 136-137, 609 N.E.2d 551, 558.

Despite Martin's claims to the contrary, witness statements can be exempt trial preparation records.  State ex rel. Hamblin v. Brooklyn (1993), 67 Ohio St.3d     , N.E.2d    ; State ex rel. Johnson v. Cleveland (1992), 65 Ohio St.3d 331, 332, 603 N.E.2d 1011, 1012.

Here, the court of appeals properly found certain witness statements to be exempt "trial preparation" records.  Other facts confirm a homicide detective's assertion that these statements were "prepared for no other reason than for the use of the prosecutor."  In form, these statements were verbatim, first person, typewritten narratives which were reviewed, sworn to and signed by the witnesses.  That form, useful both to refresh recollection or impeach a witness, was similar to what lawyers use to "lock in" a witness for trial.  Moreover, detectives mostly took the statements after the investigation had focused on Martin and he had been arrested.

Finally, we reject Martin's claim that the city may have waived its exemption to public release.  We need not consider a claim never raised before the trial court.  State v. Williams (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364.  Also, the passage of time does not alter the exempt status of documents.  State ex rel. Polovischak v. Mayfield (1990), 50 Ohio St.3d 51, 552 N.E.2d 635; State ex rel. Thompson Newspapers, Inc. v. Martin (1989), 47 Ohio St.3d 28, 546 N.E.2d 939.

Thus, "the court of appeals' decision was reasoned, logical, and based on precedent.  Its decision followed and applied our previous decisions * * *."  State ex rel. Zuern v. Leis (1990), 56 Ohio St.3d 20, 22, 564 N.E.2d 81, 83.  Accordingly, we affirm its judgment.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney and Resnick, JJ., concur.

Douglas and Wright, JJ., concur in judgment only.

Pfeifer, J., dissents for the reasons stated in his dissent in State ex rel. Hamblin v. Brooklyn (1993), 67 Ohio St.3d     ,     N.E.2d    , decided this date.

F.E. Sweeney, J., not participating.