**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 171.]**

THE STATE EX REL. CHUVALAS, APPELLANT, *v.* TOMPKINS, DIRECTOR, APPELLEE.

[Cite as *State ex rel. Chuvalas v. Tompkins*, 1998-Ohio-114.]

*Mandamus to compel Director of Department of Human Services to reinstate relator to her prior position in the Support Enforcement Tracking Systems and Direct Services Unit—Writ denied, when.*

(No. 97-2233—Submitted June 24, 1998—Decided September 23, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD10-1331.

_____

{¶ 1} Appellant, Sharon Chuvalas, is a classified civil service employee of the Ohio Department of Human Services ("DHS"). Chuvalas held the job classification title of Human Services Program Administrator 3 and served as the Administrative Chief of the Child Care Program Development Section of the DHS Bureau of Child Care.

{¶ 2} Chuvalas filed a notice of appeal with the State Personnel Board of Review ("board"), alleging that, contrary to law, DHS reduced her position by changing her job duties. In August 1995, Chuvalas and DHS entered into an "Agreed Entry/Settlement Agreement and Release" concerning the appeal and filed it with the board. Under the settlement agreement, DHS agreed to transfer Chuvalas to position control number 74001.2(22) in the Support Enforcement Tracking Systems & Direct Services Unit ("SETS") of the DHS Child Support Enforcement Division, and Chuvalas waived her right to her former position. The parties agreed that Chuvalas's job classification title would remain as Human Services Program Administrator 3. Both Chuvalas and DHS requested that the board make their agreed entry, which included their settlement agreement and release, a board order.

{¶ 3} Shortly thereafter, the board entered an order of dismissal. In its order, the board, after noting that the parties' settlement agreement had been signed and incorporated into the record, ruled that "[b]ased on the fact that the parties have settled this matter, the Board hereby orders that this appeal be DISMISSED." The board did not adopt the agreed entry as part of its order.

{¶ 4} Pursuant to the settlement agreement, DHS transferred Chuvalas into position control number 74001.2(22) with SETS in August 1995. At the time of her transfer, the sole focus of SETS was its preparation for a federal certification review. SETS is a statewide automated system that permits case management of child support cases. The certification review required all SETS staff, including management, to complete tasks ranging from high-level systems work to minor clerical duties. According to her supervisor, Chuvalas lacked the knowledge to immediately perform the duties of her position description, although she had been provided with the requisite training materials.

{¶ 5} In October 1995, Chuvalas voluntarily left SETS to go to the Bureau of JOBS Unit in the DHS Family Assistance and Child Support Division. When Chuvalas left SETS, DHS dissolved position control number 74001.2(22) because existing staff already handled some of these duties and the remaining specified duties were not critical to the certification review.

{¶ 6} In May 1997, DHS transferred Chuvalas to its Bureau of Employer Outreach and Linkage. Despite the transfers, Chuvalas kept her job classification title of Human Services Program Administrator 3, and her salary and benefits remained the same.

{¶ 7} After Chuvalas complained to DHS that it had failed to abide by the terms of the settlement agreement and board order by not employing her in position control number 74001.2(22) with SETS, she filed a complaint in the Court of Appeals for Franklin County. In her complaint, as subsequently amended, Chuvalas requested a writ of mandamus to compel appellee, DHS Director Arnold Tompkins,

to reinstate her to position control number 74001.2(22) in SETS and to assign her the duties associated with that position. The parties submitted evidence and briefs.

{¶ 8} The court of appeals denied the writ.

{¶ 9} This cause is now before the court upon an appeal as of right.

_____

*Suzanne M. Stasiewicz*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Margaret A. Telb*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 10} In her sole proposition of law, Chuvalas asserts that the court of appeals erred in denying the writ because extraordinary relief in mandamus is appropriate when a public employer like DHS fails to comply with a State Personnel Board of Review order.

{¶ 11} For the following reasons, however, this assertion lacks merit, and the court of appeals correctly denied the writ.

{¶ 12} First, DHS complied with the board's order. The board never adopted the parties' agreed entry and settlement agreement as a board order. Instead, the board merely noted that the agreement had been filed with it and relied on the fact that the parties had settled Chuvalas's appeal. DHS also initially placed Chuvalas in the SETS position specified by the settlement agreement.

{¶ 13} Second, Chuvalas waived any right she had under the settlement agreement to the SETS position when she voluntarily left SETS for a different position. " 'As a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy.' " *Sanitary Commercial Serv., Inc. v. Shank* (1991), 57 Ohio St.3d 178,

180, 566 N.E.2d 1215, 1218, quoting *State ex rel. Hess v. Akron* (1937), 132 Ohio St. 305, 307, 8 O.O. 76, 77, 7 N.E.2d 411, 413.

{¶ 14} Third, to the extent that Chuvalas asserts that DHS's actions constitute a wrongful reduction in her position, she had an adequate remedy in the ordinary course of law by way of administrative appeal under R.C. 124.34. " 'Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law.' " *State ex rel. Toledo Metro Fed. Credit Union v. Ohio Civ. Rights Comm.* (1997), 78 Ohio St.3d 529, 532, 678 N.E.2d 1396, 1398, quoting *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus. Mandamus may not be employed as a substitute for a civil service appeal. *State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 136, 656 N.E.2d 940, 943.

{¶ 15} Finally, contrary to Chuvalas's contention on appeal, the court of appeals could properly consider the affidavits attached to appellee's brief filed in that court in its merit determination. Chuvalas waived any objection to these affidavits by not moving to strike them or otherwise specifying their alleged impropriety. See, *e.g.*, Evid.R. 103(A)(1); cf. *State ex rel. Spencer v. E. Liverpool Planning Comm.* (1997), 80 Ohio St.3d 297, 301, 685 N.E.2d 1251, 1255 (" 'While the court of appeals may consider evidence other than that listed in Civ.R. 56 when there is no objection, it need not do so.' ").

{¶ 16} Based on the foregoing, we affirm the judgment of the court of appeals denying the requested extraordinary relief in mandamus.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

January Term, 1998