JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Serpentini Chevrolet, Inc., appeals from a common pleas court order overruling his motion to stay proceedings pending arbitration. Serpentini claims that the court erred by finding that it waived the right to enforce the arbitration clause, and that the arbitrator, not the court, should have decided this issue.
 Procedural History {¶ 2} Plaintiff-appellee Marietta Muhammad filed her complaint on November 4, 2004 and amended it on January 7, 2005, before an answer was filed.[1] She alleged that she purchased a 2002 Chevrolet from Serpentini on August 16, 2004 on credit. She signed two Retail Installment Sales Contracts, the first of which reflected that interest would accrue at the rate of 17.18% and the second of which reflected an 18.41% interest rate. Plaintiff claimed that although her payments on the vehicle were current, Serpentini repossessed the vehicle on October 18, 2004. Plaintiff demanded specific performance of the sales contract, including the return of the repossessed vehicle to her, acceptance of the 1997 Mercury Sable plaintiff agreed to trade for the Chevrolet, reimbursement of payments she made for the Sable since August 16, 2002, and payment of the balance due for the Sable. She further alleged that Serpentini violated the Retail Installment Sales Act, R.C. 1317.01, et seq., and committed unfair, deceptive and unconscionable trade practices in violation of the Consumer Sales Practices Act, R.C. 1345.02(A) and 1345.03(A).
 {¶ 3} Serpentini moved the court to stay proceedings pending arbitration. In its motion, Serpentini alleged that plaintiff executed an Agreement to Binding Arbitration as part of the sales contract. This agreement provided, in pertinent part:
 {¶ 4} "As a material inducement to enter into a Retail Purchase or Retail Lease of the vehicle identified in Retail Buyer's Order or Retail Lease Order to which this document is incorporated and integrated into [sic], the Purchaser (shall also mean lessee) and Dealership agree to voluntarily, knowingly, irrevocably and unconditionally waive any right to a trial in any state or federal court to resolve any dispute and will submit any dispute to binding arbitration. Binding arbitration shall include all disputes whether based on contract, tort, state or federal statute laws or otherwise, and whether for money damages, penalties, declaratory relief, or equitable relief arising out of or in any way related to this consumer transaction. * * * *"
 {¶ 5} Serpentini argued that this provision required that plaintiff arbitrate her claims. Plaintiff responded, urging, among other things, that Serpentini had waived the arbitration provision by repossessing the vehicle. The parties agreed to submit the matter to the court on the briefs.
 {¶ 6} On July 18, 2005, the court denied Serpentini's motion to stay the proceedings "for the reason that defendant waived its right to arbitration" by repossessing the vehicle rather than pursuing arbitration itself. Serpentini now appeals from this ruling. See R.C. 2711.02(C) (order denying a motion to stay pending arbitration is an appealable final order).
 Law and Analysis {¶ 7} In its first assignment of error, Serpentini contends that the court erred by deciding that it had waived its right to arbitrate this matter because waiver was an issue for the arbitrator to decide. Serpentini did not raise this argument before the trial court. In addressing plaintiff's argument that Serpentini waived its right to arbitrate, Serpentini asserted only that plaintiff's argument was "inaccurate" and that Serpentini "retained its right to repossess the vehicle if Plaintiff's financing was denied." We will not address issues on appeal which were not raised before the trial court. See, e.g.,State ex rel. Quarto Mining Co. v. Foreman, 78 Ohio St.3d 78,81, 1997-Ohio-71; State ex rel. Martin v. Cleveland,67 Ohio St.3d 155, 157, 1993-Ohio-192. Therefore, the first assignment of error is overruled.
 {¶ 8} Second, Serpentini asserts that the court erred by finding that it waived its right to enforce the arbitration clause. Arbitration is a favored method of dispute resolution, but the right to arbitrate can be waived if it is established that the party knew of its right to arbitrate and acted inconsistently with that right. Harsco Corp. v. Crane CarrierCo. (1997), 122 Ohio App.3d 406, 413; Phillips v. Lee Homes,Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353. "Because of the strong public policy in favor of arbitration, the heavy burden of proving waiver of the right to arbitration is on the party asserting a waiver." Griffith v. Linton (1998),130 Ohio App.3d 746, 751.
 {¶ 9} There is no dispute that Serpentini knew of its right to arbitrate. The only issue is whether its repossession of the vehicle was an act inconsistent with that right. As Serpentini correctly notes, most of the Ohio cases that discuss alleged waivers of the right to arbitrate concern parties' conduct in litigation. We were unable to find any Ohio case law concerning an alleged waiver resulting from the defendant's repossession of the property at issue. However, courts in other states have held that the use of self-help measures such as repossession do not constitute a waiver of the right to arbitrate. Doleac v. RealEstate Professionals, LLC (Miss. 2005), 911 So.2d 496, Russellv. Performance Toyota, Inc. (Miss. 2002), 826 So.2d 719, 724
(collecting authorities); Ex parte Dickinson (Ala. 1998),711 So.2d 984, 988.[2] We agree with these cases. Self-help measures like repossession are remedies in themselves, not dispute resolution processes. The use of such measures does not waive the right to arbitrate.
 {¶ 10} The arbitration agreement itself amended a retail installment contract which provided Serpentini with the right to repossess in the event of default. We must construe the parties' contract so as to give effect to every provision of their agreement, where possible. Foster Wheeler Enviresponse, Inc. v.Franklin Cty. Convention Facilities Auth., 78 Ohio St.3d 353,362, 1997-Ohio-202. Our construction of the agreement here gives effect to both the contractual right to repossess and the agreement to arbitrate.
 {¶ 11} The common pleas court's order presumed that the parties had a valid agreement to arbitrate and determined that Serpentini had waived the right to arbitrate. Having determined that repossession of the vehicle does not waive the right to arbitrate, we reverse and remand with instructions for the court to enter an order staying this action pending arbitration.
Reversed and remanded with instructions.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J. concurs.
 Diane Karpinski, J. Dissents (See Attached DissentingOpinion)
[1] The complaint and amended complaint also listed as a defendant Household Automotive Finance Company ("HAFC"). HAFC moved the court to dismiss the complaint against it for failure to state a claim. Plaintiff did not oppose this motion, and the court granted it. Consequently, HAFC is no longer a party to these proceedings.
[2] We found no distinction among the cases in which the right to repossess was contractual, as in this case, see Doleac, or statutory, see Russell. More important, we have found no authority from other jurisdictions holding that repossession constitutes a waiver of the right to arbitrate. Concededly, in many of the cases, the arbitration agreement expressly provided that the use of self-help measures did not waive the right to arbitrate. We decline to speculate about the outcomes of these cases in the absence of this provision.
 DISSENTING OPINION