OPINION
{¶ 1} Appellant, Robert Widmer, appeals the summary judgment on his complaint for a writ of mandamus and injunction entered by the Geauga County Court of Common Pleas in favor of Donald Mohney, Chardon Township Zoning Inspector. At issue is whether the zoning inspector failed to discharge his duties. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Appellant resides on Ravenna Road in Chardon Township. In or about April, 2004, appellant's next-door neighbor Wesley S. Holder applied for an area variance to build an addition to his house. At the hearing before the Chardon Township Board of Zoning Appeals ("BZA"), Mr. Holder presented a map or plan which purported to show the common property boundaries of Mr. Holder and appellant's lots.
 {¶ 3} Appellant objected to the variance on the ground that Mr. Holder's map was not accurate. Despite his objection, the BZA granted Mr. Holder's variance request. Appellant did not file an administrative appeal from the BZA's decision.
 {¶ 4} In or about November, 2004, appellant's suspicions concerning the accuracy of the map increased. Between December, 2004, and April, 2005, he therefore wrote several letters to then Chardon Township Zoning Inspector Frank Holy complaining that because the variance granted to Mr. Holder was based on this allegedly inaccurate map, the variance was improperly granted. He stated that Mr. Holder's home violated township sideyard setback requirements. Mr. Holy investigated appellant's complaints, inspected the site, and concluded that no zoning violations existed.
 {¶ 5} On January 30, 2006, appellant filed a complaint for mandamus and injunctive relief against Mr. Holy. Appellant alleged that Mr. Holder's application for a variance contained errors, and that he had violated zoning by submitting an altered map in support of his zoning request that was not prepared by a professional engineer or surveyor. He alleged the BZA granted the variance based on this map, which did not accurately show the boundaries of his and Mr. Holder's lots. He further alleged appellee had failed to discharge his duty to inspect his complaints and to discover *Page 3 
zoning violations. He prayed for a writ of mandamus and an injunction ordering appellee to discharge his duties. While this action was pending in the trial court, the current Zoning Inspector Donald Mohney was substituted as the defendant in this case.
 {¶ 6} On March 8, 2006, appellee filed a motion to dismiss. On April 17, 2006, the trial judge filed a judgment entry, converting appellee's motion to dismiss into a motion for summary judgment, noting that both parties had submitted matters outside the pleadings in support of their respective positions.
 {¶ 7} On April 28, 2006, appellant filed with the Ohio Supreme Court a request that the trial judge, the Honorable Forrest W. Burt, be disqualified with an affidavit in support based in part on Judge Burt's alleged attendance on April 15, 2006, at a meeting of various public officials, including the Chardon Township Trustees and appellee's counsel the Geauga County Prosecutor, to discuss "zoning issues."
 {¶ 8} On May 9, 2006, Judge Burt wrote a response to the Supreme Court, stating that on Saturday, April 15, 2007, he was one of several speakers at a local government/zoning seminar and pancake breakfast hosted by the Geauga County Prosecutor, the Geauga County Sheriff, and the Geauga County Engineer. Judge Burt stated he was the second speaker and did not stay to hear the presentations of the assistant prosecutors. He said that his presentation was directed to members of the various administrative agencies in attendance and concerned the requirements for making a proper record for appeal purposes. He said he never discussed appellant's litigation with any Chardon Township zoning officials or any assistant prosecutor. *Page 4 
 {¶ 9} In a judgment entry, dated May 18, 2006, Chief Justice Thomas J. Moyer found there was no evidence of bias or prejudice on the part of Judge Burt and denied appellant's request that he be disqualified.
 {¶ 10} On August 24, 2006, the trial court overruled appellee's motion to dismiss on the ground that the assistant prosecutor representing appellee had failed to sign it. The court ordered appellee to file his answer to the complaint within 14 days of his receipt of the court's order. On September 7, 2006, appellee filed his answer.
 {¶ 11} On November 13, 2006, appellant filed a motion for summary judgment, arguing in effect that he was entitled to default judgment because appellee's unsigned motion to dismiss was ineffective to toll the time in which to file an answer. On December 6, 2006, appellee filed a brief in opposition and his own motion for summary judgment, arguing appellee had discharged his duties. On January 30, 2007, the trial court overruled appellant's motion for summary judgment, and on March 20, 2007, granted appellee's motion for summary judgment.
 {¶ 12} In its summary judgment entry the court noted that Mr. Holy had stated in affidavit that upon receipt of appellant's complaints, he investigated them, visited the site and determined there were no zoning violations. Appellant presented no evidence in opposition other than his requests for admissions which the court had previously deemed admitted due to the failure of appellee to respond to them. The court found the requests for admissions to be inconsistent with one another and thus useless for summary judgment purposes. For example, in one request for admission, appellant asked Mr. Holy to admit he had failed to discharge his duties in investigating his complaints and in another request for admission, he asked Mr. Holy to admit that he *Page 5 
had discharged these same duties. The court found that "if all of the requests for admissions are deemed admitted and the admissions are contradictory, those admissions are useless for evidentiary purposes." The court concluded there was no evidence that appellee had failed to perform his duties. The court further found that appellant had an adequate remedy by way of appeal of the BZA's decision on the Holder variance request and an action under R.C. 519.24 to prevent zoning violations, the latter of which appellant was then pursuing. The court entered summary judgment in favor of appellee. Appellant appeals the trial court's judgment asserting seven assignments of error. For his first assignment of error, appellant states:
 {¶ 13} "THE TRIAL JUDGE FORREST W. BURT COMMITTED PREJUDICIAL ERROR BY ALLOWING APPELLEE'S UNSIGNED INTENDED MOTION TO DISMISS FILED 16 DAYS BEFORE SERVICE TO APPELLANT TO CONTROL PROCEEDINGS [SIC]."
 {¶ 14} Under his first assignment of error, appellant simply states that appellee filed a motion to dismiss that was not signed by his counsel who is an assistant prosecuting attorney.
 {¶ 15} There is nothing in the record to indicate this omission was anything other than an inadvertent oversight. We note that the memorandum filed in support of the motion to dismiss was signed by the assistant prosecutor.
 {¶ 16} In any event, the trial court subsequently overruled the motion to dismiss because it was not signed. Consequently, we hold that any error in this regard was harmless. Civ.R. 61 provides: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by *Page 6 
the court or by any of the parties is ground for * * * disturbing a judgment * * *, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
 {¶ 17} Appellant also states that the motion to dismiss was served on March 24, 2006, 16 days after it was filed. Appellant stated in his motion for summary judgment, filed on November 13, 2006, that it had been mailed by mistake to a non-party.
 {¶ 18} In any event, on March 23, 2006, appellant moved for an enlargement of time to April 5, 2006, in which to file his opposition to appellee's motion to dismiss. In support of his motion appellant argued he never received a copy of the state's motion.
 {¶ 19} On March 23, 2006, prior to considering appellant's motion for enlargement, the trial court entered a scheduling order, requiring appellant to respond to the state's motion to dismiss by April 10, 2006. As a result, on April 2, 2006, in a marginal judgment entry, the trial court denied appellant's motion to enlarge as "moot."
 {¶ 20} Appellant has failed to articulate any grounds for the suggestion that he was somehow prejudiced by the late service of the state's motion. We therefore hold that any error from the late service is harmless. Civ.R. 61.
 {¶ 21} Finally, appellant argues that the court committed prejudicial error by allowing the motion to dismiss to control the proceedings. There is no evidence in the record to support this argument. Moreover, the court's denial of the state's motion to dismiss completely refutes this argument.
 {¶ 22} Appellant's first assignment of error is without merit.
 {¶ 23} For his second assignment of error, appellant states: *Page 7 
 {¶ 24} "TRIAL JUDGE FORREST W. BURT COMMITTED PREJUDICIAL ERROR IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 25} Summary judgment is a procedural device intended to terminate litigation and to avoid trial when there is nothing to try. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95. Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 268, 1993-Ohio-12.
 {¶ 26} The party seeking summary judgment on the ground that the nonmoving party cannot prove his case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt, 75 Ohio St.3d 280, 292, 1996-Ohio-107. Material facts are those relevant to the substantive law applicable in a particular case. Needham v. Provident Bank (1996), 110 Ohio App.3d 817,827, citing Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
 {¶ 27} The moving party must point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Dresher, supra, at 293.
 {¶ 28} If this initial burden is not met, the motion for summary judgment must be denied. Id. However, if the moving party has satisfied his initial burden, the nonmoving *Page 8 
party then has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id.
 {¶ 29} Since a trial court's decision whether or not to grant summary judgment involves only questions of law, we conduct a de novo review of the trial court's judgment. DiSanto v. Safeco Ins. of Am.,168 Ohio App.3d 649, 655, 2006-Ohio-4940. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty.Commrs. of Scioto Cty. (1993), 87 Ohio App.3d 704, 711.
 {¶ 30} In his complaint appellant seeks a writ of mandamus and an injunction to compel appellee to discharge his "inspection/investigation duties * * * with respect to [appellant's] zoning violation complaints."
 {¶ 31} A mandamus is a civil proceeding, extraordinary in nature since it can only be maintained when there is no other adequate remedy to enforce clear legal rights. State ex rel. Brammer v. Hayes (1955),164 Ohio St. 373. Mandamus is a writ issued to a public officer to perform an act that the law enjoins as a duty resulting from his or her office. R.C. 2731.01. For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law.State ex rel. National Broadcasting Co., Inc. v. Cleveland (1988),38 Ohio St.3d 79, 80. A dereliction of duty must be established before the writ will be issued. State ex rel. Spellmire v. Kauer (1962),173 Ohio St. 279, 280. A writ of *Page 9 
mandamus will not issue to compel an act that has already been performed. State ex rel. Lee v. Montgomery, 88 Ohio St.3d 233, 237,2000-Ohio-316. A writ of mandamus cannot be used to control the exercise of discretion. State ex rel. Sinay v. Sodders, 80 Ohio St.3d 224, 232,1997-Ohio-344. The discretion of an individual, officer, or corporation cannot be controlled or limited by a writ of mandamus. State ex rel.Benton's Village Sanitation Service, Inc. v. Usher (1973),34 Ohio St.2d 59, 61. Further, a writ of mandamus cannot be used as a substitute for an administrative appeal. State ex rel. Chuvalas v. Tompkins,83 Ohio St.3d 171, 173, 1998-Ohio-114. The Supreme Court of Ohio has held that a writ of mandamus will be denied when the relator has an adequate remedy in the ordinary course of the law by way of administrative appeal. Id.
 {¶ 32} An injunction is also an extraordinary remedy. It will not issue if the movant has an adequate remedy at law. Ackerman v. Tri-CityGeriatric Health Care, Inc. (1978), 55 Ohio St.2d 51, 56.
 {¶ 33} Our review of appellee's motion for summary judgment and appellant's brief in opposition compels us to conclude that the trial court was correct in granting appellee's motion. Former Zoning Inspector Frank Holy stated in affidavit that he had investigated the allegations in appellant's letters, visited the site, and determined that no zoning violation existed.
 {¶ 34} Appellant offered no affidavits or depositions in opposition. He concedes on appeal that the only evidence he had in support of his opposition to summary judgment was that: (1) the state's answer was untimely filed, and (2) the state failed to respond to his requests for admission which the trial court had previously deemed as admissions. *Page 10 
 {¶ 35} Appellant suggests that because appellee was late in filing his answer, the allegations in the complaint must be considered as admitted. However, the trial court in its August 24, 2006 judgment entry overruling the state's motion to dismiss, ordered appellee to file his answer to the complaint within 14 days of receipt of that judgment. Thereafter, appellee timely filed his answer on September 7, 2006.
 {¶ 36} Further, as noted supra, the trial court in its summary judgment entry noted that appellant's requests for admissions contradicted each other and stated, "deeming all of the admissions admitted results in irreconcilable conflicts among the various admissions." The court thus found the admissions to be "useless for evidentiary purposes." In so finding, the trial court in effect revised its previous judgment entry of December 5, 2006, in which it had deemed appellant's requests for admissions admitted. Until final judgment is entered, a trial court is free to revise its prior decisions at any time. Civ.R. 54(B). Since the court's December 5, 2006 judgment entry was not a final order, the court was free to revise it and to decide, as it did, that the admissions could not be used for evidentiary purposes on summary judgment.
 {¶ 37} Based upon Mr. Holy's uncontradicted affidavit that he discharged his duties as zoning inspector, we agree with the trial court that there are no genuine issues of material fact and appellee was entitled to summary judgment.
 {¶ 38} Appellant' second assignment of error is without merit.
 {¶ 39} Appellant states for his third assignment of error:
 {¶ 40} "TRIAL JUDGE FORREST W. BURT COMMITTED PREJUDICIAL ERROR BY RETROACTIVELY ORDERING THE FILING OF APPELLEE'S ANSWER *Page 11 
TO APPELLANT'S COMPLAINT 169 DAYS AFTER THE EXPIRATION OF THE TIME PERIOD PRESCRIBED UNDER THE CIVIL RULES."
 {¶ 41} Appellant argues the trial court erred in giving appellee leave to file his answer. Appellant had filed his complaint on January 30, 2006. Appellee filed his motion to dismiss on March 8, 2006. On August 24, 2006, the trial court overruled appellee's motion to dismiss on the ground that the assistant prosecutor had failed to sign the motion. In that same order the court gave appellee leave to file his answer and it was thereafter filed by the date set in the order.
 {¶ 42} A trial court has broad discretion to grant leave to file an answer beyond the time limits established by the Civil Rules. Civ.R. 6(B) provides in pertinent part:
 {¶ 43} "When by these rules * * * an act is required * * * to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *."
 {¶ 44} The staff notes under Civ.R. 6(B) provide:
 {¶ 45} "Rule 6(B) relieves parties to an action from the niceties of time computation, and yet gives the court discretionary control over any time extensions. * * * And if, under Rule 6(B)(2), a party requests an extension of time after the expiration of a period of time, the court will exercise its discretion in its favor only if `excusable neglect' is shown. * * *"
 {¶ 46} In Marshall v. Bender (1935), 54 Ohio App. 36, the court held that those rules and statutory provisions granting the trial court the authority to extend the time for filing any pleading must be liberally construed. *Page 12 
 {¶ 47} In Price v. Cox (1975), 104 Ohio App. 251, the appellate court upheld the decision of the trial court to permit a defendant to file an answer on the day of trial, 14 months after the filing of the complaint, where the evidence demonstrated the delay in filing was caused by an attempt to settle the controversy. The court justified such result by stating "[t]he record discloses no error prejudicial to the rights of the plaintiff * * *." Id. at 253.
 {¶ 48} In the instant case appellee did not file an answer within the time allowed because he had filed a motion to dismiss for failure to state a claim, pursuant to Civ.R. 12(B). Civ.R. 12(A)(2) provides in part: "The service of a motion permitted under this rule alters these periods of time as follows * * * (a) if the court denies the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after notice of the court's action * * *."
 {¶ 49} The record demonstrates a good faith attempt to comply with the rules of procedure. Appellee did not timely file an answer because he filed a motion to dismiss under Civ.R. 12. We hold that in these circumstances excusable neglect was shown. The fact that appellee's counsel inadvertently did not sign the motion does not affect his good faith in filing it. Further, the record is devoid of any showing of prejudice to appellant arising from the delay in filing the answer.
 {¶ 50} Appellant's third assignment of error is without merit.
 {¶ 51} For his fourth assignment of error, appellant states:
 {¶ 52} "TRIAL JUDGE F.W. BURT COMMITTED PREJUDICIAL ERROR BY ALLOWING THE FILING OF AND LATER SUSTAINING APPELLEE'S MOTION FOR *Page 13 
SUMMARY JUDGMENT WITHOUT APPELLEE REQUESTING NOR JUDGE BURT GRANTING LEAVE TO FILE SAID MOTION."
 {¶ 53} Appellant next argues that because a pretrial had been set when appellee filed his motion for summary judgment, he was required to move for leave to file his motion before filing it, and that he was prejudiced by the court's granting the motion for summary judgment without appellee first having obtained leave to file it.
 {¶ 54} Initially, we note that in the court's pretrial conference order, filed on September 15, 2006, the court stated that "Summary judgment * * * motions may be filed without leave of Court on or before January 15, 2007." Appellee filed his motion for summary judgment on December 6, 2006. Thus, appellee was not required to obtain leave of court before filing his motion.
 {¶ 55} We observe that appellant failed to object or move to strike the answer on this basis. He therefore waived the issue for purposes of appeal. A reviewing court will not consider questions that could have been, but were not, brought to the trial court's attention. State exrel. Porter v. Cleveland Dept. of Pub. Safety, 84 Ohio St.3d 258, 259,1998-Ohio-539. Issues that are not raised before the trial court may not be raised for the first time on appeal. State ex rel. Martin v.Cleveland (1993), 67 Ohio St.3d 155, 157, 1993-Ohio-192. If issues are raised for the first time on appeal, the reviewing court need not consider them. Id.
 {¶ 56} It does not escape our attention that appellant also filed a motion for summary judgment on November 13, 2006, without first asking leave to do so. Therefore, appellant is hardly in a position to argue, as he does, that the court should *Page 14 
not have considered appellee's motion for summary judgment without having first asked for leave to file his motion.
 {¶ 57} Civ.R. 56(B) requires a party to obtain leave of court before filing a motion for summary judgment once an action had been set for pretrial. However, it is well-settled that a trial court may in its discretion consider a motion for summary judgment that has been filed without express leave of court, after the action has been set for trial.Lachman v. Weitmarschen, 1st Dist. No. C-020208, 2002-Ohio-6656, at ¶ 6. Further, since the acceptance of a late motion is by the grace of the court, the decision to accept is itself "by leave of court." Id.;Juergens v. Strang, Klubnik and Assocs., Inc. (1994),96 Ohio App.3d 223, 234.
 {¶ 58} It has been held that even if a pretrial has already been set, trial courts may implicitly grant leave of court to file a motion for summary judgment by entertaining the motion. State Farm Mut. Auto Ins.Co. v. Loken, 5th Dist. No. 04-CA-40, 2004-Ohio-5074, at ¶ 34.
 {¶ 59} In the instant case the trial court considered and granted appellee's motion for summary judgment. Leave of court was not necessary as the court had previously given leave to file such motions. However, if leave was required, by considering appellee's motion, it implicitly granted leave to appellee to file his motion.
 {¶ 60} Appellant's fourth assignment of error is without merit.
 {¶ 61} Appellant asserts for his fifth assigned error:
 {¶ 62} "THE TRIAL JUDGE FORREST W. BURT COMMITTED PREJUDICIAL ERROR INTERPRETING A FEW OF APPELLEE'S CONTRADICTORY ADMITTED ADMISSIONS RELATING TO THE SAME MATERIAL ACT AS SELF-CANCELING, *Page 15 
THUS NULLIFYING ALL ADMITTED ADMISSIONS AS EVIDENCE CONSTRUED MOST FAVORABLY FOR APPELLANT."
 {¶ 63} Under this assigned error, appellant states that some inconsistencies in his requests for admission "maybe [sic] interpreted as something other than nullities, e.g., bearing on the source's lack of credibility." Appellant appears to argue that some of the requests for admission should have been deemed admitted and permitted to be used for summary judgment purposes.
 {¶ 64} To the extent that appellant is arguing that the inconsistencies in the requests for admission might bear on Mr. Holy's credibility, the argument lacks merit. Appellant misconstrues the significance of the contradictory nature of his requests for admission. The inconsistent nature of his discovery requests does not bear on the deponent's credibility because the inconsistencies were not with the responses but rather with the requests for admissions themselves.
 {¶ 65} Moreover, appellant does not cite any inconsistencies in his requests that, in his view, might have been relevant to appellee's credibility. Since appellant does not cite even one example of such inconsistency, there is nothing for us to consider.
 {¶ 66} Further, we note that appellant has failed to offer any examples of his requests for admissions which, according to him, were not contradicted by other requests for admissions. For this additional reason, there is nothing for us to consider under this assigned error.
 {¶ 67} We therefore cannot say the trial court abused its discretion in determining that the inconsistencies among appellant's requests for admissions made them useless for evidentiary purposes on summary judgment. *Page 16 
 {¶ 68} Appellant's fifth assignment of error is without merit.
 {¶ 69} Appellant asserts for his sixth assignment of error:
 {¶ 70} "TRIAL JUDGE FORREST W. BURT COMMITTED PREJUDICIAL ERROR IN HIS FAILURE TO FULLY CONSIDER ORC 4733.23, WITH ITS IMBEDDED, REFERENCED STATUTES, AND OAC 4733-37, WITH ITS SUBSECTIONS IN COMBINATION WITH ORC 519.02(A)."
 {¶ 71} Under this assigned error, appellant argues the BZA erred in accepting a map or plan that was not prepared by a professional engineer or surveyor in considering Mr. Holder's zoning permit application.
 {¶ 72} Appellant argues that R.C. 153.65(A) and 4733.23 prohibit townships from accepting any engineering or surveying plan prepared by any person not registered in Ohio as a professional engineer or a professional surveyor. While appellant's argument may have been germane to an appeal from the BZA's decision, it is irrelevant to appellant's mandamus action. This action is aimed at seeking an order to compel appellee to discharge his duties to investigate appellant's complaints and to determine the existence of any zoning violations. It cannot be used to collaterally attack the BZA's decision. Because appellant failed to appeal that decision, this argument is waived on appeal.
 {¶ 73} In any event, we observe that appellant's argument is incorrect. None of the statutory or administrative code sections he cites prohibit a township from considering a plan or map not prepared by a professional engineer or professional surveyor in connection with a property owner's variance request. *Page 17 
 {¶ 74} R.C. 153.65(A) concerns the "procurement of professional design services" by a public authority. It does not prohibit a township BZA from considering a map or plan prepared by someone other than a professional engineer or professional surveyor on an application for a variance.
 {¶ 75} Further, R.C. Chapter 4733 is the chapter of the Code concerning "Professional Engineers and Professional Surveyors." R.C.4733.22 prohibits a person from practicing the profession of engineering or the profession of surveying without being registered as a professional engineer or a professional surveyor in the state of Ohio. R.C. 4733.23 prohibits a public authority from accepting or using any engineering or surveying plan prepared by any person not registered. OAC 4733-37-1 provides that the rules are intended to be the basis for all surveys relating to the establishment or retracement of property boundaries in the state of Ohio.
 {¶ 76} As the trial court so aptly noted:
 {¶ 77} "* * * Neither R.C. 4733.23 nor OAC 4733-37 prohibit townships or any other political subdivisions from allowing submissions of plans or maps drawn to scale by persons who are not surveyors or engineers if those plans or maps are part of a zoning certificate application. A township is not precluded from accepting a sketch or plan prepared by a property owner when that sketch or plan is part of a zoning certificate application. Chardon Township does not mandate that applications for zoning certificates include plans or maps that have been prepared by a surveyor or engineer; consequently, Relator's objections to the zoning application and any attachments or exhibits thereto in the within matter are without merit."
 {¶ 78} Appellant's sixth assignment of error is without merit. *Page 18 
 {¶ 79} For his seventh and final assignment of error, appellant states:
 {¶ 80} "TRIAL JUDGE FORREST W. BURT COMMITTED PREJUDICIAL ERROR AND FRAUD UPON APPELLANT AND THE OFFICE OF OHIO'S SUPREME COURT BY FALSELY STATING A FACT MATERIAL TO THIS ACTION."
 {¶ 81} Appellant argues that because the trial court made a misstatement to the Ohio Supreme Court in his letter of May 9, 2006, i.e., that the court's copy of appellee's motion to dismiss was signed by appellee's counsel, this amounted to fraud on appellant and the Ohio Supreme Court and the trial court "should no longer be considered an impartial adjudicator of Appellant's claims and issues."
 {¶ 82} Appellant is in effect asking this court to disqualify the trial judge after the Supreme Court refused to do so. If appellant believed the trial court attempted to mislead the Supreme Court by his letter, it was incumbent upon him to bring this matter to the Court's attention while the trial court still had jurisdiction of the matter. The record below does not disclose that appellant did so, and he therefore waived the issue. With respect to appellant's argument that the trial court committed fraud, we note that appellant did not assert a claim for fraud in his complaint. This matter was pending for some ten months after Judge Burt wrote his letter to the Supreme Court, yet during this period appellant never attempted to amend his complaint to assert a claim for fraud. Further, appellant did not raise this issue in his motion for summary judgment and there is no evidence in the record supporting such claim. Because there is no fraud claim before us, there is nothing for us to address.
 {¶ 83} Appellant's seventh assignment of error is without merit. *Page 19 
 {¶ 84} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, P.J., COLLEEN MARY OTOOLE, J., concur. *Page 1