[Cite as *State ex rel. Hudson v. Sloan*, 2018-Ohio-135.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>ANTHONY J. HUDSON, | : | **O P I N I O N** |
| | : | |
| Petitioner, | | |
| | : | **CASE NO. 2017-T-0030** |
| - vs - | | |
| | : | |
| BRIGHAM SLOAN, WARDEN, | | |
| | : | |
| Respondent. | | |

Original Action for Writs of Mandamus and Habeas Corpus.

Judgment: Petitions denied.

*Anthony J. Hudson*, pro se, PID: A661-664, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Jerri L. Fosnaught*, Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).

THOMAS R. WRIGHT, P.J.

{¶1} Relator, Anthony J. Hudson, alternatively seeks a writ of mandamus or writ of habeas corpus compelling respondent, Warden Brigham Sloan, to release him from prison. We grant Sloan's motion for summary judgment as Hudson is not entitled to the requested relief.

**{¶2}** Mandamus is a writ issued to a public officer to perform an act "which the law specially enjoins as a duty resulting from an office." R.C. 2731.01. "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law." *State ex rel. Widmer v. Mohney,* 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶31, citing *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland,* 38 Ohio St.3d 79, 80, 526 N.E.2d 786 (1988).

**{¶3}** In a writ of habeas corpus, the petitioner has the burden of proving his right to release from prison. *Chari v. Vore,* 91 Ohio St.3d 323, 325, 2001-Ohio-49, 744 N.E.2d 763. "[T]he petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings." (Citation omitted.) *Id.*

**{¶4}** Sloan moves for summary judgment and asks us to dismiss Hudson's petitions for habeas corpus and mandamus. Hudson likewise moves for summary judgment seeking an order directing Sloan to release him from prison.

**{¶5}** Summary judgment is appropriate pursuant to Civ.R. 56 when the movant shows: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Turner v. Turner*, 67 Ohio St.3d 337, 339-340, 617 N.E.2d 1123 (1993); *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988). The moving

party bears the burden of proving no genuine issue of material fact exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).

{¶6} Both Hudson's petition for a writ of mandamus and his petition for habeas corpus seek his release from prison based on our prior decision reversing and vacating his penalty enhancement and ordering the trial court to resentence him to the lowest level of the offense. *State v. Hudson*, 11th Dist. Trumbull No. 2014-T-0097, 2017-Ohio-615, ¶40. However, in so ruling, we relied on the Supreme Court's decision in *State v. Gonzales*, 150 Ohio St.3d 261, 2016-Ohio-8319, 81 N.E.3d 405, ¶22 *reconsideration granted, decision vacated*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, "*Gonzales I.*" Thereafter, the Supreme Court reconsidered its decision in *Gonzales I* and did an about-face on the determinative issue. *State v. Gonzales,* 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, ¶3, *reconsideration denied*, 149 Ohio St.3d 1409, 2017-Ohio-2822, 74 N.E.3d 466, "*Gonzales II.*"

{¶7} Thus, we reconsidered our decision and affirmed the trial court's decision in full based on *Gonzales II.* Summary judgment in Sloan's favor is therefore warranted because Hudson is not entitled to release as a matter of law. Hudson's motion for summary judgment is overruled.

TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

_____

3

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶8} I concur with the majority's decision to deny Hudson's petition for a writ of mandamus or a writ of habeas corpus compelling his release from prison since he is properly incarcerated due to this court's affirmance of his sentence upon reconsideration. It is necessary, however, to emphasize that, contrary to the majority's contention, the well-reasoned opinion of the Supreme Court in *Gonzales II*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, is not an "about-face." Further, it is a proper application of this state's statutory scheme for sentencing defendants found guilty of possessing cocaine and is consistent with this judge's prior opinion on the issue.

{¶9} In *Gonzales II*, the Ohio Supreme Court granted a motion to reconsider its prior decision and held that the language of R.C. 2925.11(C)(4), which mandates that a mixture or compound is also "cocaine" and must be weighed as such, was unambiguous. *Gonzales II* at ¶ 13-14. This finding is in line with the language of the statute.

{¶10} Characterizing this decision as an "about-face" fails to recognize the process in place for appellate courts to reconsider their decisions. The Supreme Court Rules of Practice allow for the filing of a Motion for Reconsideration and for the Supreme Court to correct a mistake or error within a decision. S.Ct.Prac.R. 18.02. The Supreme Court recognized that its prior opinion was "decided in error." *Gonzales II* at ¶ 3. The Court's decision to correct that error was merely a proper function of its duties and a recognition of the clear law in this case. Further, any implication that *Gonzales II* is incorrect or inaccurate is simply not supported by the law.

4

**{¶11}** The law as it currently stands is entirely consistent with my concurring opinion in this court's prior decision. *State v. Hudson*, 11th Dist. Trumbull No. 2014-T-0097, 2017-Ohio-615, ¶ 61-68. As is thoroughly explained in that opinion, Hudson's sentencing in this case was proper under R.C. 2925.11(C)(4). R.C. 2925.11(C)(4) states: "If the drug involved in the violation is cocaine *or a compound, mixture, preparation, or substance containing cocaine*, whoever violates division (A) of this section is guilty of possession of cocaine." The language clearly provides that mixtures constitute "cocaine." This sentiment was echoed by the Supreme Court, which rejected the argument that only "pure" cocaine could be measured for the purpose of determining the offense level. "Concluding otherwise would require us to insert the words 'actual' or 'pure' to describe the cocaine that is intended to be penalized by the statute. If the General Assembly had been concerned about purity, rather than total weight, it would have said so." *Gonzales II* at ¶ 13.

**{¶12}** Furthermore, a contrary holding would be inconsistent with legislative intent for several practical reasons. There is no basis, under the current statutory language, for a conclusion that a small difference in purity should result in a disparate punishment. Drugs of any quality, with greater filler, available to a larger number of users present a serious threat to society as a whole. In addition, the opposing interpretation would make it difficult to sentence many defendants guilty of possession of cocaine with anything greater than a fifth-degree felony, which is contrary to the statutory scheme laid out by the General Assembly.

**{¶13}** For the foregoing reasons, and since Hudson is properly imprisoned for his possession of a significant amount of cocaine, I concur in judgment only.

5