[Cite as *Osco v. Pittman*, 2019-Ohio-1410.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| KODY M. OSCO, | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2018-P-0094** |
| LAURIE J. PITTMAN, | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition denied.

*Kody M. Osco,* pro se, PID: A640-807, Warren Correctional Institution, 5787 State Route 63, Lebanon, OH 45036 (Relator).

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} The matter is before the court on relator, Kody M. Osco's, petition for writ of mandamus filed November 27, 2018. For the reasons that follow, the petition is dismissed.

{¶2} We understand relator's petition to involve Case Nos. 2012-CR-00702 and 2012-CR-00584. In the former, relator pled guilty to one count of Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2)(D). In the latter, relator pled guilty to one count of Felonious Assault, a felony of the second degree, in violation of R.C.

2903.11(A)(2). In 2013, relator was sentenced to seven years imprisonment for each count to be served concurrently.

{¶3} Subsequently, relator made numerous motions, all of which were denied without hearing. In 2015, he appealed to this court; we ultimately affirmed the lower court's decision. *See State v. Osco,* 11th Dist. Portage No. 2014-P-0009, 2015-Ohio-44. Relator then filed numerous additional motions in the court of common pleas, which were also denied without hearing. Relator now seeks this writ of mandamus to compel the court of common pleas to respond to his June 18, 2018 motion in a judgment that is both final and appealable.

{¶4} R.C. 2731.01 provides, "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." "'For a writ of mandamus to issue, [1.] the relator must establish a clear legal right to the relief prayed for; [2.] the respondent must have a clear legal duty to perform the act; and [3.] the relator must have no plain and adequate remedy in the ordinary course of the law.'" *State ex rel. McKinney v. McKay*, 11th Dist. Trumbull No. 2011-T-0039, 2011-Ohio-3756, ¶16, quoting *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶31.

{¶5} Initially we note relator's petition has multiple procedural failings. R.C. 2731.04 provides, in pertinent part, that "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." First, relator does not refer to his filing as a "petition," but, rather, simply as a "Mandamus," in violation of R.C. 2731.04. However, in the interest of justice, we construe it as a petition for a writ of mandamus. *See State ex rel. Allah-U-Akbar v.*

2

*Ashtabula Cty. Court of Common Pleas*, 11th Dist. Ashtabula No. 2017-A-0035, 2017-Ohio-8625, ¶12.

{¶6} Relator has also failed to caption his petition "in the name of the state on the relation of the person applying" as required by R.C. 2731.04, but instead has captioned his petition simply "MANDAMUS." The failure to properly caption a petition for a writ of mandamus warrants dismissal. *See, e.g., Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226 (1962).

{¶7} Regardless of the procedural failures, relator's petition also fails on the merits. Relator asserts that Judge Laurie J. Pittman, the named respondent, has failed to rule on his June 18, 2018 motion to vacate. The docket, however, clearly shows the court responded to his June 18, 2018 motion on June 22, 2018, with a judgment entry denying his motion without hearing.

{¶8} Nevertheless, on October 4, 2018, relator asked the court of common pleas to rule on his June 18, 2018 motion to vacate. In the instant petition, relator acknowledges the court responded to his October 4, 2018 request on October 11, 2018 with a Judgment Entry stating in its entirety, "The Defendant's Motion is denied without hearing."

{¶9} Relator now asserts that the October 11, 2018 response is not a final appealable order because it merely states the motion is dismissed without hearing. Presumably relator seeks an explanation as to why his motion was dismissed, though this is not expressly requested. Instead, he asserts broadly, and in conclusory fashion, that the court's order was not a final appealable order. He requests that this court compel respondent to (1) issue a final appealable order to his June 18, 2018 motion or (2) issue a final appealable order for the October 11, 2018 Judgment Entry.

**{¶10}** Regarding the former, we find relator's first prayer for relief to be a nullity as the record clearly reflects that the lower court responded to relator's June 18, 2018 motion on June 22, 2018 in a judgment entry denying his motion without hearing. To the extent relator asserts this order was insufficient to overrule his motion, we disagree.

**{¶11}** Generally, Crim.R. 35(C) requires that "[t]he trial court shall file its ruling upon a petition for post-conviction relief, including findings of fact and conclusions of law if required by law, not later than one hundred eighty days after the petition is filed." However, the court "has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for post-conviction relief." *State ex rel. Bunting v. Haas*, 102 Ohio St.3d 161, 2004-Ohio-2055, ¶11. *See also, State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631.

**{¶12}** As we ruled in relator's 2015 appeal in this court, relator's motions for postconviction relief have not been timely filed and as such, "the trial court had no obligation to issue findings of fact and conclusions of law in support of its decision." *Osco, supra,* at ¶17. Therefore, the lower court's June 22, 2018 and October 11, 2018 judgment entries are sufficient without including findings of fact and conclusions of law.

**{¶13}** For the foregoing reasons, relator's petition is fatally defective for failing to comply with necessary requirements of R.C. 2731.04. And, even if relator fully complied with the statutory requirements, he cannot establish a clear legal right to the remedy sought in the underlying petition.

**{¶14}** Accordingly, relator's petition is denied.

CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., MATT LYNCH, J., concur.

4